J-S52012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STACEY CULBERT :
:
Appellant : No. 3392 EDA 2018

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0500381-1998,
MC-51-CR-0447551-1998

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.: **FILED DECEMBER 2, 2019**

Stacey Culbert appeals from the order entered October 18, 2018, in the
Philadelphia County Court of Common Pleas, dismissing his petition to correct
a patent error in sentencing, which the trial court construed to be an untimely
PCRA[1] petition. Culbert seeks relief from the judgment of sentence of 20 to
40 years' imprisonment imposed on May 20, 1998, following his entry of a
negotiated guilty plea to a charge of, *inter alia*, third degree murder.[2] On
appeal, Culbert argues the PCRA court erred when it determined it had no
jurisdiction to correct his illegal sentence. We affirm.

---

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S. § 2502(c).

The relevant facts and procedural history underlying this appeal are as follows. On May 20, 1998, Culbert entered a negotiated guilty plea to charges of third degree murder, carrying a firearm without a license, and criminal conspiracy,[3] for his participation in a homicide that occurred on April 2, 1994.[4] In exchange for the plea, the Commonwealth agreed to a sentence of 20 to 40 years' imprisonment on the count of third degree murder, to run concurrently to a federal life sentence Culbert was then serving. The sentences on the other two charges were suspended. Culbert did not file a direct appeal.

On May 15, 2018, Culbert filed a counseled motion seeking to correct a "patent error" in his sentence. Unopposed Petition of Defendant Stacy Culbert to Correct Patent Error in Sentence, 5/15/2018, at 1. Specifically, he asserted the sentence of 20 to 40 years' imprisonment he received for his conviction of third degree murder was illegal because the maximum sentence he could have received on the date he committed the offense (April 2, 1994), was 20 years' imprisonment. *See id.* at 2. Accordingly, he insisted the PCRA court had the "inherent power" to correct this "patent error of sentencing." *Id.* at 3. On

_____

[3] *See* 18 Pa.C.S. §§ 2502(c), 6106, and 903, respectively.

[4] Culbert entered into a Memorandum of Agreement with the Commonwealth in which he agreed to provide information regarding other crimes and testify for the Commonwealth in subsequent proceedings. *See* Memorandum of Agreement, 5/20/1998.

September 18, 2018, the court issued notice of its intent to dismiss Culbert's motion as an untimely PCRA petition pursuant to Pa.R.Crim.P. 907. Culbert did not respond to the court's Rule 907 notice, and on October 18, 2018, the PCRA court entered a final order dismissing Culbert's petition as untimely filed. This timely appeal follows.[5]

Culbert's sole claim on appeal is that the PCRA court erred in refusing to correct his illegal sentence. Relying on **Commonwealth v. Holmes**, 933 A.2d 57 (Pa 2007), he insists "the trial court has inherent authority to correct patent errors in sentencing" at any time. Culbert's Brief at 5.

Preliminarily, we note both the Commonwealth and the PCRA court agree that, at the time Culbert committed the crime, the maximum sentence he could have received for third degree murder was 20 years' imprisonment.[6] **See** 18 Pa.C.S. § 1103(1) (maximum sentence for first degree felony is 20 years' incarceration). Although the Crimes Code was amended in 1995 to allow for a 40-year maximum sentence upon a conviction of third degree murder,[7] the relevant sentencing statute is the one which was in effect at the time Culbert committed his crime. **See Commonwealth v. Rose**, 127 A.3d 794, 796 (Pa. 2015) (holding "imposition of a sentence in excess of that

---

[5] On October 26, 2018, Culbert filed both a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[6] **See** Commonwealth's Brief at 5-6; PCRA Court Opinion, 2/15/2019, at 5-6.

[7] **See** 18 Pa.C.S. 1102(d), 1995, March 15, P.L. 970, No. 5 (Spec. Sess. No. 1), § 1, effective in 60 days.

prescribed by statute **at the time the defendant committed** the deadly assault violates and is prohibited by the Ex Post Facto Clause of the United States Constitution") (emphasis supplied), *cert. denied*, 136 S.Ct. 2379 (U.S. 2016). Accordingly, Culbert should not have received a maximum sentence in excess of 20 years' imprisonment for his conviction of third degree murder.

Nevertheless, we conclude the PCRA court properly determined Culbert was entitled to no relief. First, we agree with the court's decision to treat Culbert's petition to correct a sentencing error as a PCRA petition. It is well-settled the PCRA is "the sole means of obtaining collateral relief,"[8] and "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis in original).

Relying on ***Holmes***, ***supra***, Culbert insists a court "may correct obvious and patent errors in a sentence, such as an illegal sentence, at any time[,]" outside the purview of the PCRA. Culbert's Brief at 5. In ***Holmes***, the Pennsylvania Supreme Court considered two cases in which trial courts attempted to "exercise their inherent power to correct orders by vacating illegal sentences despite the expiration of the modification period provided by 42 Pa.C.S. § 5505." ***Holmes***, ***supra***, 933 A.2d at 58. In both cases, the trial

---

[8] 42 Pa.C.S. § 9542.

court vacated a sentencing error after the 30-day period set forth in Section 5505.[9]  *See id.* at 59-60, 63.  The Supreme Court concluded that the trial courts had the "inherent power" to correct the patent sentencing errors.  *Id.* at 66.  However, the Court noted, "this is a limited judicial power," which the courts could invoke because of "the obviousness of the illegality" of the those errors.  *Id.* at 66-67.  However, the **Holmes** Court emphasized, "[n]ot all illegal sentences will be amenable to correction as patent error."  *Id.* at 67.  In the present case, Culbert argues the "imposition of a sentence 20 years beyond the statutory maximum is a patent error of sentencing that is subject to the [trial c]ourt's inherent power to correct."  Culbert's Brief at 5.

While the sentencing court's error herein may be the type of obvious, patent error subject to correction in **Holmes**, nevertheless, we find Culbert is entitled to no relief.  In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012), a panel of this Court held the **Holmes** decision does not apply to a defendant seeking PCRA relief:

> **Holmes** [] recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA.

---

[9] In one case, the trial court improperly imposed a new sentence following the revocation of parole, and, in the other case, the court revoked probation and imposed a new sentence on dockets in which no term of probation had been imposed.  **Holmes**, **supra**, 933 A.2d 59-60, 63.

*Id.* at 521.  The *Jackson* Court explained:

> [T]he PCRA court did not have inherent authority to consider Jackson's petition absent statutory jurisdiction under section 9545.  Jackson contends that in recognizing the "inherent" jurisdiction of a trial court to correct obvious errors in its sentences, our Supreme Court established an open-ended right that could be invoked by any trial court, including a PCRA court, at any time.  However, the cases Jackson cites upholding inherent jurisdiction only consider this right in the context of jurisdiction to amend orders pursuant to section 5505.  Jurisdiction under section 9545 was not at issue because the sentences were corrected within one year of the judgment of sentence becoming final.[13]
>
> _____
>
> [13] Whitfield[, the other defendant in *Holmes*,] filed his appeal 7 months after the sentence order, thus the PCRA court had jurisdiction to consider his claim under section 9545.  Holmes was sentenced on May 21, 2001, and did not appeal.  The court corrected the sentencing error *sua sponte* less than one year later on April 9, 2002.  Thus, the section 9545 time bar was not in effect.
>
> _____
>
> Unlike [the defendants in *Holmes*,] Jackson filed his petition years after the PCRA filing deadline had expired.  Thus, a PCRA court would have to overcome two jurisdictional hurdles to correct his sentence:  section 5505 and section 9545.  We have not found any decision in which our appellate courts have upheld, or in which a PCRA court has invoked, inherent jurisdiction absent statutory authority under [Section] 9545.  Nor do we believe that a PCRA court could invoke its inherent jurisdiction after this deadline.
>
> Inherent jurisdiction has been upheld as an exception to section 5505 because section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious illegality in the sentence.  This intent is evident from the plain language of the statute.  Section 5505 confers on the trial court an affirmative right to modify orders within 30 days after its entry if there is no appeal, and does not expressly limit this authority after the 30–day period has expired.  Because section 5505 does not directly prohibit a court from correcting an order after the deadline, our courts have recognized a limited equitable

- 6 -

exception to the statute that permits a trial court to correct obvious illegalities in its sentences that are not discovered within the 30–day statutory period.

Section 9545 of the PCRA is not amenable to such equitable exceptions.

***Id.*** at 522 (internal citations omitted). ***See also Commonwealth v. Whiteman***, 204 A.3d 448 (Pa. Super. 2019) (relying on ***Jackson*** to deny relief to petitioner who filed untimely PCRA petition), *appeal denied*, \_\_\_ A.3d \_\_\_ [163 MAL 2019] (Pa. July 24, 2019). Accordingly, we agree the trial court properly treated Culbert's request for relief as a PCRA petition.[10]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the court determined Culbert's petition was untimely filed. Again, we agree.

The requirement that a PCRA petition must be filed within one year of the date the underlying judgment becomes final "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014). ***See also*** 42 Pa.C.S. §

---

[10] In its brief, the Commonwealth agrees the trial court properly considered Culbert's claim as a request for PCRA relief under the authority of ***Jackson***. ***See*** Commonwealth's Brief at 5-6. Nevertheless, the Commonwealth also states it "concurs with" Culbert's argument that a trial court should have the inherent authority to correct an illegal sentence at any time, and notes this issue is "currently pending on allocator before the Pennsylvania Supreme Court" in ***Commonwealth v. Sierra***, 347 EAL 2019. ***Id.*** at 5, 7. We note that, however, on October 30, 2019, the Supreme Court denied the petition for allowance of appeal. ***See*** Order, 10/30/2019.

9545(b)(1). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." *Id.*

In the present case, Culbert's judgment of sentence was final on June 19, 1998, 30 days after sentence was imposed and Culbert failed to file a direct appeal. Therefore, Culbert had until June 19, 1999, to file a timely PCRA petition, and the one before us was not filed until nearly 19 years later. Therefore, his petition is manifestly untimely.

Nevertheless, an untimely petition may still be considered if "the petition alleges and the petitioner proves" one of the time-for-filing exceptions set forth in Section 9545(b)(1). *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Culbert did not address the applicability of a timing exception in either his petition or his appellate brief. Therefore, we agree with the PCRA court's assessment that Culbert's petition is manifestly untimely, and Culbert has failed to prove the applicability of one of the time-for-filing exceptions. Accordingly, he is entitled to no relief.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Kunselman joins the memorandum and files a concurring memorandum in which Judge McLaughlin joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/02/2019