J-S09025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO ROBINSON | : | |
| | : | |
| Appellant | : | No. 1301 EDA 2020 |

Appeal from the PCRA Order Entered June 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0215061-1982

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED:  MAY 14, 2021**

Alonzo Robinson appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas dismissing, as untimely filed, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant seeks relief from the judgment of sentence imposed on December 4, 1984, following his jury conviction of rape and involuntary deviate sexual intercourse[2] involving a 17-year-old victim, and his assault of police officers attempting to arrest him.  On appeal, Appellant insists he was denied his constitutional rights when the trial court relied upon false information when imposing his sentence.  We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121, 3123.

The relevant factual and procedural history underlying this appeal were summarized by this Court in a prior memorandum decision as follows:[3]

On January 31, 1978, Appellant raped the victim. When the police attempted to arrest Appellant, he resisted and assaulted the officers. On January 25, 1983, a jury found Appellant guilty of rape and involuntary deviate sexual intercourse. Following a separate trial, on January 28, 1983, a jury found Appellant guilty of offenses related to the attack on the officers. On December 4, 1984, the court sentenced Appellant to an aggregate term of twenty-seven and one-half (27½) to fifty-five (55) years' imprisonment.[4] This Court affirmed the judgment of sentence on March 11, 1987, and our Supreme Court denied Appellant's petition for allowance of appeal on September 2, 1987.

Appellant filed his first *pro se* petition for collateral relief on June 18, 1990. The court appointed counsel, who filed a "no-merit" letter on January 23, 1991. On March 6, 1991, the court dismissed Appellant's petition and permitted counsel to withdraw. This Court affirmed the order on November 25, 1991, and Appellant did not seek further review with our Supreme Court.

Appellant filed a second *pro se* PCRA petition on February 12, 2002. On March 19, 2002, the court denied PCRA relief. This Court affirmed the order denying PCRA relief on December 2,

_____

[3] The certified record in this case was reconstructed by the trial court because the original record was transmitted to federal court and has not yet been returned. **See** Notice to Superior Court's Prothonotary's Office, 8/27/20. Thus, the record before us is limited.

[4] It appears the cases were originally listed separately. However, our independent search of Appellant's criminal history reveals that both cases are listed under the same trial court docket number. Since at least 2012, this Court has referred to both cases under the same trial court docket. **See Commonwealth v. Robinson**, 1421 EDA 2012 (unpub. memo.) (Pa. Super. Nov. 7, 2012). Thus, under the particular facts underlying the instant appeal, we decline to find a violation of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2019) (holding "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed").

> 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on March 21, 2003.
>
> Appellant filed a motion for post-conviction DNA testing on November 17, 2003. On April 6, 2005, the court denied relief. This Court affirmed the order on June 21, 2006, and Appellant did not seek further review with our Supreme Court.

*Commonwealth v. Robinson*, 1421 EDA 2012 (unpub. memo. at 1-2) (Pa. Super. Nov. 7, 2012).

Appellant filed another PCRA petition on February 4, 2010, which the court denied on May 1, 2012. *See Robinson*, 1412 EDA 2012 (unpub. memo. at 2-3). On appeal, this Court affirmed, concluding the petition was untimely filed. *See id.* at 5-6.

On September 4, 2015, Appellant filed the present petition, seeking both PCRA and habeas corpus relief. Appellant contends that the presentence investigation report (PSI) the trial court used to impose his sentence in this case contained "false and misleading information." Appellant's Motion for Post Conviction Collateral Relief/Writ of Habeas Corpus, 9/4/15, at 2 (unpaginated). He avers that he was first made aware of the "true extent" of the inaccuracies during a parole board hearing on March 13, 2015, and "finally received a copy of the sentencing transcripts [in the end of April 2015,] after being denied access to them for over thirty (30) years." *Id.* at 2-3. Appellant further insists trial counsel provided ineffective assistance "when he failed to properly prepare for sentencing as well as bring all of the discrepancies to the

Court's attention and ensure the record in this case is correct." *Id.* at 3. Appellant filed an identical petition on April 21, 2017.[5]

On September 18, 2018, the PCRA court issued Appellant Pa.R.Crim.P. 907 notice of its intent to dismiss his petition as untimely filed without first conducting an evidentiary hearing. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 9/18/18. However, rather than file a response or wait for the PCRA court to enter a dismissal order, Appellant filed a notice of appeal. On January 31, 2020, a panel of this Court quashed the appeal as interlocutory. *See Commonwealth v. Robinson*, 3184 EDA 2018 (unpub. judgment order) (Pa. Super. Jan. 31, 2020). Thereafter, on June 10, 2020, the PCRA court entered a final order dismissing Appellant's PCRA petition. This timely appeal follows.[6]

Appellant presents two issues on appeal:

1) Was . . . Appellant denied his constitutional rights at sentencing when the sentencing court interjected and considered false evidence during sentencing?

2) Did the sentencing court use[ ] a false inaccurate prior record score when determining Appellant['s] sentence?

Appellant's Brief at VI.

Our standard of review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination 'is

---

[5] The second document, however, is missing two pages.

[6] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

supported by the record and free of legal error.'" ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citations omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa. Super. 2019) (citation omitted). Furthermore, the PCRA court may "decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Here, the PCRA court found Appellant's petition was untimely filed, and Appellant failed to plead or prove any of exceptions to the PCRA's time bar. PCRA Ct. Op., 6/10/20, at 1 (unpaginated). The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1028 (Pa. 2019). ***See also*** 42 Pa.C.S. § 9545(b)(1).

In the present case, Appellant's judgment of sentence was final on November 1, 1987, 60 days after the Pennsylvania Supreme Court denied his petition for allocatur, and the time for Appellant to seek *certiorari* before the United States Supreme Court expired. ***See Robinson***, 1421 EA 2012 (unpub. memo. at 5) (explaining the United States Supreme Court subsequently enlarged the time for filing a petition for *certiorari* to 90 days). Thus, pursuant

to Section 9545(b)(1), his petition had to be filed by November 1, 1988, and his current petition, filed nearly 27 years later, is facially untimely.

Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one of the exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[7]

Preliminarily, we note that Appellant failed to explicitly invoke any of the timing exceptions in either his PCRA petition or his appellate brief. For that reason alone, we could conclude he is entitled to no relief. **See** 42 Pa.C.S. 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, **unless the petition alleges and the petitioner proves**" a time-for-filing exception) (emphasis added); **Commonwealth v. Russell**, 209 A.3d 419, 429 (Pa. Super. 2019) ("An issue will be deemed to be waived where an appellant fails to properly explain or develop it in his brief."), *appeal denied*, 218 A.3d 862 (Pa. 2019); **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) ("The petitioner bears the burden of pleading and proving an applicable statutory exception.").

---

[7] Section 9545(b)(2) was amended in 2018 to allow a petitioner one year to invoke a timeliness exception. However, that amendment applies only "to claims arising on Dec[ember] 24, 2017 or thereafter." **See** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. Thus, in the present case, Appellant is bound by the 60-day time requirement.

Nevertheless, the PCRA court determined Appellant "[a]rguably" attempted to establish the newly discovered facts exception set forth at Section 9545(b)(1)(ii). *See* PCRA Ct. Op. at 1. In order to obtain relief pursuant to this exception, a petitioner must demonstrate "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Further, as noted above, Appellant must establish he filed his petition within 60 days of his discovery of these new facts.

In determining Appellant was entitled to no relief, the PCRA court opined:

> [Appellant] claimed that on March 13, 2015[,] he discovered that his [PSI] report contained factual inaccuracies. At the outset, [Appellant] failed to demonstrate that the purported inaccuracy of his PSI report was unknown to him for more than three decades. To the contrary, [Appellant] has been aware of its alleged inaccuracy since he was sentenced in 1984, if not earlier. According to a 1982 letter authored by [Appellant's] attorney, [Appellant] advised him of specific errors within the PSI report. Additionally, [Appellant] acknowledged that he vigorously contested the PSI report at sentencing. *See* PCRA petition, 9/14/15 at 1 (unpaginated). Thus, the purported fact that the PSI report utilized at sentencing contained inaccuracies was not previously unknown. Furthermore, even assuming that [Appellant] discovered the alleged errors on March 13, 2015, his instant petition, filed on September 4, 2015, was clearly filed outside the sixty-day window mandated by the former provision of 42 [Pa.C.S.] § 9545(b)(2) . . . .

PCRA Ct. Op. at 1 (some record citations omitted).

We agree. In his PCRA petition, Appellant focused on purported "inaccuracies" in his PSI, which he argued were a result of the fact the trial

court did not order a new PSI at the time of sentencing, but instead relied on a prior PSI from a crime committed "14 years earlier." *See* Appellant's Motion for Post Conviction Collateral Relief/Writ of Habeas Corpus, 9/4/15, at 1-2. He claimed that he "was made aware for the first time the true extent of the false and misleading information contained in the PSI" during a March 13, 2015, parole hearing. *Id.* at 2. Moreover, he asserted he did not receive his sentencing transcripts until April of 2015, and was "informed on May 21, 2015[,] that the State Police Criminal History repository ha[d] absolutely no record of [some] of the alleged crimes" listed in his PSI. *Id.* at 3. Nonetheless, even using the May 21, 2015, date as the date Appellant first learned of the purported new evidence, his September 4, 2015, petition was filed outside the 60-day window. *See* 42 Pa.C.S. § 9545(b)(2).

We note that in his brief before this Court, Appellant focuses on a slightly different claim — that the PSI indicated a knife was used during the rape, when in fact no weapon was used at all. *See* Appellant's Brief at 1. He asserts that during his sentencing hearing, the trial court "made reference to the use of [a] knife, which is materially false." *Id.* Appellant also states that defense counsel "made a timely objection to the judge's remarks concerning the use of a knife [but] his objection was overruled." *Id.* at 2. Thus, even assuming the trial court incorrectly stated a knife was used during the rape, Appellant cannot demonstrate this fact was unknown to him. Indeed, he admits counsel objected to the court's statement during the sentencing hearing. *See id.* Thus, no relief is warranted.

Lastly, we note Appellant insists we can review his claims "in the interest of justice because of ethical concerns." Appellant's Brief at 5. However, there is no equitable exception to the PCRA time requirements. *See Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa. 2007) ("[T]he courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met."). Thus, we agree with the PCRA court's determination that Appellant's petition was untimely filed, and he has failed to plead and prove any of the time-for-filing exceptions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/21