J-S32019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KURTIS LEE UREY | : | |
| | : | |
| Appellant | : | No. 445 WDA 2021 |

Appeal from the PCRA Order Entered February 9, 2021
In the Court of Common Pleas of Venango County
Criminal Division at CP-61-CR-0000702-2017

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED: OCTOBER 29, 2021**

Kurtis Lee Urey (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 13, 2018, a jury convicted Appellant of burglary, criminal solicitation, theft by unlawful taking, loitering and prowling at night, and criminal mischief.[1]  On June 8, 2018, the trial court sentenced Appellant to an aggregate 50 months to 25 years of incarceration.  He did not appeal.  On July 20, 2020, Appellant filed a first PCRA petition, which the court dismissed on September 30, 2020.  Again, Appellant did not appeal.

Less than a month later, on October 21, 2020, Appellant filed the underlying petition, his second.  The PCRA court entered an order dismissing

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 902(a), 3921(a), 5506, and 3304(a)(5).

the petition on February 9, 2021. Although the PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), it issued an opinion.

The PCRA court explained:

[Appellant] was sentenced on June 8, 2018 and did not take a direct appeal. **Therefore, judgment became final in his case no later than July 8, 2018, and any PCRA petition filed after July 8, 2019 would be untimely and outside the Court's jurisdiction unless [Appellant] demonstrates that it falls within one of the statutory exceptions to the one-year time limit**. In an order dated November 12, 2020, the [PCRA c]ourt filed an order notifying [Appellant] of its intent to dismiss the PCRA Petition pursuant to Pa.R.Crim.P. 907(1). The [PCRA c]ourt did not receive [Appellant's] response within 20 days, but did not issue an order dismissing [his] PCRA Petition. On December 7 and December 8 of 2020, the [PCRA c]ourt received correspondence from [Appellant] in response to the November 12, 2020 order. However, as nothing raised in [his] correspondence sufficed to demonstrate that [Appellant's] PCRA Petition was subject to an exception to the statutory timing requirements, the [PCRA c]ourt dismissed the PCRA Petition in an order dated February 8, 2021 and filed February 9, 2021. On April 7, 2021, 57 days after the order dismissing his PCRA Petition, [Appellant] filed this appeal with the Superior Court.

The substance of [Appellant's] PCRA Petition and his subsequent correspondence speak for themselves; **while [Appellant] maintains his innocence, the assertions within these filings are simply inadequate to demonstrate that one of the exceptions found in 42 Pa.C.S. § 9545(b)(1) apply to his PCRA Petition**. The [PCRA c]ourt's November 12, 2020 order addresses this issue, and the [c]ourt relies on the same. As the November 12, 2020 order states, the timing requirements set forth in section 9545 are jurisdictional, **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019), and this [c]ourt cannot entertain the petition.

PCRA Court Opinion, 5/7/21, at 1-2 (unnumbered) (emphasis added).[2]

We agree with the PCRA court. In reviewing the denial of relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id.*** Where a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020) (citations omitted). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline[, and a] court may not address the merits of the issues raised if the PCRA petition was not timely filed." ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019) (citations omitted).

A PCRA petition must be filed within one year from the date on which the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b). If filed beyond that date, the petitioner bears the burden of pleading and

---

[2] Appellant's appeal was untimely because he filed it "57 days after the order dismissing the petition." PCRA Court Opinion, 5/7/21, at 2; ***see also*** Pa.R.A.P. 903(a) (appeal shall be filed within 30 days from the entry of the order). However, the record does not indicate Appellant was informed of his appellate rights. ***See Commonwealth v. Liebensperger***, 904 A.2d 40, 44 (Pa. Super. 2006) (this Court "has refrained from quashing an appeal as untimely where [he was not] advise[d] of his appellate rights.").

proving an applicable exception to the time-bar. *See id*. The exceptions to the PCRA's jurisdictional time-bar are set forth in 42 Pa.C.S.A. § 9545(b)(1). A petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). If a petition is untimely and no exception applies, Pennsylvania courts lack jurisdiction to consider the petition's merits and must deny it without a hearing. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

Here, although Appellant does not include in his brief a "statement of questions presented" as set forth in Pa.R.A.P. 2111(a)(4) and 2116, he states his "reason for filing this appeal is to plead my innocence/as well as argue the evidence they claim to have against me." Appellant's Brief at 5.[3] Appellant revisits his trial, assailing the Commonwealth's case-in-chief, including

_____

[3] The Commonwealth has not filed an appellee brief.

- 4 -

testimony from Appellant's co-defendant, the victim, and the police. Appellant

concludes "I'm innocent, the jury was corrupt, they never once considered my

innocence." *Id.* at 8. Although Appellant also impugns trial counsel, stating

counsel "failed to call in witnesses on my behalf when such actions could have

changed the overall outcome of my trial and sentence," *id.*, he does not make

a legal argument to support this claim.[4] Recognizing that Appellant is *pro se*,

"we are willing to liberally construe materials filed by a *pro se* litigant,

[but] *pro se* status confers no special benefit upon the appellant. To the

contrary, any person choosing to represent himself in a legal proceeding must,

---

[4] We presume counsel was effective. ***See Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). "To prove counsel ineffective, the petitioner must show: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Sarvey***, 199 A.3d 436, 452 (Pa. Super. 2018). "Failure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." ***Commonwealth v. Robinson***, 877 A.2d 433, 439 (Pa. 2005) (citation omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012). Further, to succeed on a claim that counsel was ineffective for failing to call a witness, a PCRA petitioner must establish: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citation omitted).

to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Accordingly, because Appellant has not proven an exception to the PCRA's time-bar, the PCRA court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2021