J-S79035-18

2019 PA Super 37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| PAUL EUGENE WHITEMAN | : | |
| Appellant | : | No. 883 MDA 2018 |

Appeal from the PCRA Order May 25, 2018
in the Court of Common Pleas of Lycoming
Criminal Division at No(s): CP-41-CR-0000297-2012

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.:                    **FILED FEBRUARY 12, 2019**

Paul Eugene Whiteman ("Whiteman") appeals from the May 25, 2018 Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  For the reasons set forth herein, we affirm.

After pleading guilty to one count of driving under the influence of alcohol or a controlled substance ("DUI"),[1] Whiteman was sentenced, on September 27, 2013, to twenty-four months of State Intermediate Punishment ("SIP").  Prior to serving the full term of his sentence, Whiteman violated the conditions of his SIP sentence and was subsequently expelled from SIP.  As a result, on June 11, 2015, the trial court revoked Whiteman's SIP sentence and re-sentenced him to fifteen months to five years in prison, giving credit for time served.  Whiteman did not file a direct appeal.

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

On July 21, 2017, Whiteman filed a "Motion to Correct Illegal Sentence" and a "Motion to Proceed *Pro Se*." The PCRA court properly treated these Motions as a PCRA Petition and assigned PCRA counsel to Whiteman.[2] On March 21, 2018, PCRA counsel filed an Amended Petition, which the PCRA court dismissed without a hearing on May 25, 2018. Whiteman filed a timely Notice of Appeal on May 30, 2018. Thereafter, Whiteman filed a court-ordered Pa.R.A.P. §1925(b) Concise Statement of Matters Complained of on Appeal.

Whiteman now presents the following questions for our review:

1.    Did the court err in denying [Whiteman's] PCRA Petition based on a lack of jurisdiction due to untimeliness?

2.    Did the court err when it failed to give [Whiteman] credit toward [his] sentence for time served?

3.    Was the sentence imposed on [Whiteman] illegal as a result of being greater than [the] maximum term allowed by law?

Brief for Appellant at 4 (issues renumbered).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

_____

[2] This Court has repeatedly held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.... That [Whiteman] has attempted to frame his petition as a '[M]otion to [C]orrect [I]llegal [S]entence' does not change the applicability of the PCRA." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (internal citations and quotations omitted).

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Whiteman first claims that the PCRA court improperly denied his Amended Petition as untimely filed. Section 9545 of the PCRA expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. *Id.* at §9545(b)(3). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." *Commonwealth v. Jackson*, 30 A.3d 516, 522 (Pa. Super. 2011). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Whiteman's judgment of sentence became final on July 13, 2015. Under the PCRA, Whiteman had until July 13, 2016 to file a timely PCRA petition. Whiteman did not file his initial Petition until July 21, 2017. Thus, Whiteman's Petition is facially untimely. However, Pennsylvania courts may consider untimely petitions if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking such an exception must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Whiteman does not attempt to invoke a timeliness exception. Instead, he argues that "trial courts retain an inherent power to correct illegal

sentences." As such, he argues that the common pleas court had jurisdiction to correct patent and obvious errors in the record, namely his sentence, and improperly dismissed his Petition.[3] *Id.* at 14-17. Whiteman relies on the Supreme Court's ruling in *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007), to support his assertion that the PCRA's time-bar is subject to an additional, non-statutory exception that confers upon courts jurisdiction to correct manifest errors. However, Whiteman misinterprets the holding in *Holmes*, which addressed a court's power under 42 Pa.C.S.A. § 5505.

Section 5505 provides, in pertinent part, as follows:

*[e]xcept as otherwise provided or prescribed by law*, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505 (emphasis added).

In *Holmes*, the Supreme Court analyzed and upheld two instances[4] where a trial court modified its order outside of the thirty-day period provided

---

[3] Whiteman contends that the trial court erred in sentencing him to a maximum term of five years rather than six months. His reasoning rests on a case that incorrectly interpreted the Pennsylvania Code and was subsequently superseded by statute. He claims that the flawed case was the governing law during the time of his sentencing, and, therefore, his sentence exceeded the maximum lawful sentence. *See* Brief for Appellant at 14-17. As discussed herein, we are unable to address the merit of his argument.

[4] *Commonwealth v. Holmes*, 837 A.2d 501 (Pa. Super. 2003), and *Commonwealth v. Whitfield*, 833 A.2d 1152 (Pa. Super. 2003) were consolidated for review by the Supreme Court.

for in 42 Pa.C.S.A. § 5505. Therein, the Court held that "the limits of jurisdiction enshrined in Section 5505 do not impinge on [the] time-honored inherent power of courts." *Holmes*, at 65. Pursuant to Section 5505, inherent jurisdiction has been recognized in cases where the trial court lacked statutory authority to correct orders. *Id.* at 57.

The inherent power averred by Whiteman "has been upheld as an exception to [S]ection 5505 because [S]ection 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious illegality in the sentence." *Id.* at 522. The statute explicitly contemplates the availability of other means of jurisdiction, as demonstrated by its use of the phrase, "except as otherwise provided … by law." The same, however, cannot be said of the PCRA.

As this Court noted in Jackson, *supra*, there is "no authority wherein the appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA filing period." Jackson, at 519. Unlike Section 5505, the very language of the PCRA indicates that it is to be the *exclusive* means of remedy for claims that are cognizable under the PCRA:

> The [PCRA] *shall be the sole means* of obtaining collateral relief *and encompasses all other common law and statutory remedies* for the same purpose….**

42 Pa.C.S.A. § 9542 (emphasis added).

Challenges to the legality of a sentence are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii). Thus, by statute, Whiteman was required to pursue his claims through the PCRA. *See Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (stating that "claims that could be brought under the PCRA must be brought under that Act."). The PCRA, as evidenced by the plain language of Section 9542, inescapably rejects the exercise of inherent power as an alternate means of remedying claims cognizable under the PCRA.

Further, the case at bar bears no relation to the facts in *Holmes*, as each sentencing modification analyzed in *Holmes* was taken *by the trial court* on its own initiative, in accordance with the language of Section 5505. Here, the matter is being pursued by Whiteman in a PCRA petition. This is markedly different than a modification pursued by the court, *sua sponte*, under the inherent powers contemplated by Section 5505.[5] As such, *Holmes* does not apply and the express time limits of the PCRA govern.

Because Whiteman's PCRA Petition was untimely filed under the PCRA, and not subject to an exception, we affirm the PCRA court's Order.

Order affirmed.

---

[5] Moreover, although a PCRA petition was filed in *Holmes*, it was withdrawn upon the trial court's grant of relief. As a result, the issue did not reach the *Holmes* Court from the procedural posture of a dismissed PCRA petition. Accordingly, the *Holmes* Court did not analyze the PCRA, instead focusing on Section 5505.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2019