J-S32025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RAMONE STEPHAN COTO | : | |
| Appellant | : | No. 1309 WDA 2020 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0005494-2005

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RAMONE STEPHAN COTO | : | |
| Appellant | : | No. 1310 WDA 2020 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0005352-2005

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED: JANUARY 6, 2022**

Ramone Stephan Coto (Appellant) appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

On "various dates from June of 2007 to February of 2008," Appellant and three co-defendants (Erik Surratt, Alfon Brown, and Richard Cunningham) were tried, non-jury, for "a myriad of offenses arising out of the shooting

deaths of [two individuals], and the wounding of [a third victim]." ***Commonwealth v. Coto***, 1379 WDA 2008, at *1 (Pa. Super. Apr. 14, 2010) (unpublished memorandum), ***appeal denied***, 20 A.3d 483 (Pa. 2011).

On February 8, 2008, the trial court found Appellant guilty of two counts of second-degree murder[1] and one count of burglary. On April 18, 2008, the court sentenced Appellant to two concurrent terms of life imprisonment without parole for murder, and a consecutive 3 - 6 years for burglary. This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Id.***

On February 14, 2012, Appellant filed a timely PCRA petition.[2] The PCRA court denied relief, and Appellant appealed. This Court affirmed Appellant's convictions, but found his 3 - 6 year sentence for burglary merged with second-degree murder because "burglary was the underlying felony on which [Appellant's] conviction for second degree felony murder was predicated." ***Commonwealth v. Coto***, 24 WDA 2013, at *3 (Pa. Super. Feb. 28, 2014) (unpublished memorandum), ***appeal denied***, 97 A.3d 818 (Pa.

---

[1] "In Pennsylvania, felony murder and second-degree murder refer to the same offense, codified at 18 Pa.C.S. § 2502(b), and are [often] referred to interchangeably in our jurisprudence[.]" ***Commonwealth v. Rivera***, 238 A.3d 482, 489 n.2 (Pa. Super. 2020).

[2] The trial court judge has continued to preside in Appellant's post-conviction proceedings. ***See Commonwealth v. Abu-Jamal***, 720 A.2d 79, 90 (Pa. 1998) ("Generally, it is deemed preferable for the same judge who presided at trial to preside over the post-conviction proceedings since familiarity with the case will likely assist the proper administration of justice.").

2014). We vacated Appellant's burglary sentence, but affirmed his life sentences for murder.

On February 9, 2018, Appellant *pro se* filed his second PCRA petition. Privately-retained counsel entered her appearance and filed an amended petition on March 27, 2020. The Commonwealth filed a response on May 12, 2020. On August 7, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The court concluded the petition "was untimely filed" and "there are no meritorious issues." **See** Notice of Intention to Dismiss, 8/7/20, at 2, 8. Appellant filed a response on August 26, 2020. The PCRA court dismissed the petition without a hearing on November 6, 2020. Appellant timely appealed. Although the PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement, the court issued an opinion on February 18, 2021, incorporating the reasons for dismissal set forth in its Rule 907 notice.

Appellant presents four questions in this appeal:

1. Whether the post-conviction relief act petition – filed within 60 days of the date on which codefendant Surratt first waived his fifth amendment rights and took full responsibility for the crime – was timely filed under the after-discovered fact exception.

2. Whether the PCRA court committed clear error by dismissing the petition without a hearing where codefendant Surratt's recent confession and exoneration of [Appellant] would likely compel a different result if presented to a neutral finder of fact.

3. Whether the case should be remanded for PCRA discovery of the evidence bearing on [the victim]'s identification where the PCRA court, in its notice of intention to dismiss, placed in issue the reliability of the identification but failed to rule on [Appellant]'s

consequent request for disclosure of the documents relevant to the identification.

4. Whether a mandatory sentence of life without parole is unconstitutional and disproportionate when applied to [Appellant] who was barely 20 years old and the least culpable of the four defendants, and where the trial judge expressly recognized the gross injustice of the mandatory life sentence in this case.

Appellant's Brief at 3.

In reviewing the PCRA court's denial of relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

> the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Instantly, the PCRA court concluded that Appellant's petition was untimely. *See* Notice of Intention to Dismiss, 8/7/20, at 2; *see also id.* at 3 (explaining Appellant's judgment of sentence became final on July 4, 2011,

- 4 -

and Appellant had until July 4, 2012 to file a timely petition). When a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020) (citations omitted).

Appellant concedes his petition is untimely, but argues he satisfied an exception to the time-bar. ***See*** Appellant's Brief at 19. Appellant has the burden of pleading and proving a statutory exception. He must allege:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant claims he met the "unknown facts" exception to the time-bar set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). He asserts:

> The relevant facts became known no earlier than December 6, 2017, when codefendant Surratt testified that he was responsible for the crimes. During a January 25, 2018 interview, Surratt first provided the specific facts exculpating [Appellant], which Surratt

memorialized in an affidavit signed February 1, 2018. [Appellant] mailed his *pro se* petition on February 2, 2018; within the then-60-day filing deadline. Therefore, it was timely filed under Section 9545(b)(2).

Appellant's Brief at 19.[3]

He further states,

[Appellant] is serving a sentence of life without possibility of parole for second degree felony murder. The predicate felony was a burglary, during which two men were fatally shot and another seriously wounded. Newly discovered evidence establishes that while codefendants Surratt and Brown were plotting the crime by phone with their girlfriends, [Appellant] was passed out from drugs and alcohol, unaware of the codefendants' plan and incapable of assisting. Additional new evidence rebuts the trial evidence that [Appellant] was armed. Together the new evidence raises doubts about [Appellant]'s knowledge and criminal intent, satisfying all requirements for relief under the Post Conviction Relief Act. 42 Pa.C.S. § 9543(a)(2). The PCRA court's dismissal of the petition without an evidentiary hearing was clear error.

*Id.* at 19-20.

Appellant's argument is unconvincing. To meet the newly-discovered facts exception, a petitioner must establish (1) he did not know the facts upon which he based his petition, and (2) he could not have learned those facts earlier with the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Both components "must be alleged and proven as an initial jurisdictional

---

[3] As Appellant implies in referencing "the then-60-day filing deadline," the PCRA was amended to extend the 60-day limit to one year. *See* 42 Pa.C.S.A. § 9545(b)(2); Act of Oct. 24, 2018, P.L. 894, No. 146, § 2 (effective Dec. 24, 2018).

- 6 -

threshold." ***Commonwealth v. Diggs***, 220 A.3d 1112, 1117 (Pa. Super. 2019) (citation omitted).

Appellant claims as new facts the testimony of his co-defendant, Erik Surratt, when Mr. Surratt was resentenced on December 6, 2017, and Mr. Surratt's affidavit, executed on February 1, 2018. Appellant asserts "newly discovered evidence establishes that while codefendants . . . were plotting the crime . . . [he] was passed out from drugs and alcohol, unaware of the codefendants' plan and incapable of assisting. Additional new evidence rebuts the trial evidence that [Appellant] was armed." Appellant's Brief at 19.

In response, the Commonwealth argues, "**Surratt's statements amount only to Surratt being a 'new source' of facts that were previously known to Appellant** because Appellant himself already articulated the substance of those facts in his own statement to the police following the crime." Commonwealth Brief at 35-36 (emphasis added). We agree.

> The PCRA court explained:
>
> [Appellant's] PCRA petition alleges that he was outside of the house and never entered the residence. [Appellant] claims he was too intoxicated to have entered the house where the shooting occurred.
>
> The instant petition was untimely filed. . . .
>
> ***
>
> [Appellant] claims the instant PCRA petition qualifies as an after-discovered evidence exception to the PCRA timeliness requirements due to the testimony of co-defendant Erik Surratt at

a resentencing hearing before this [c]ourt on December 6, 2017, and an affidavit executed by Erik Surratt on February 1, 2018.

[Appellant] claims that during the resentencing hearing his co-defendant Erik Surratt stated that he alone was responsible for all the crimes committed. Surratt's testimony during his resentencing hearing of December 6, 2017 did not exclude [Appellant] from being in the house during the shooting. Surratt admitted he committed the murders and stated that he did not know what he was going to do before the shooting occurred.

Moreover, **even if Surratt had stated that he was the sole participant in the shooting, it would not have qualified as newly discovered evidence because [Appellant] would have known before trial that Surratt was the sole participant**.

The after-discovered evidence exception requires newly discovered facts, not a newly discovered or newly willing source for previously known facts. ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017). [Appellant] has not shown any new facts that were unknown and could not have been ascertained through the exercise of due diligence.

[Appellant] claims the newly discovered evidence or after discovered evidence was Surratt's willingness to incriminate himself and exonerate [Appellant]. However, Surratt's affidavit exonerating [Appellant] is newly <u>available</u> evidence, not newly <u>discovered</u> evidence.

In Surratt's affidavit, he stated [Appellant] was at a party and was intoxicated and went in the van because he wanted a ride home and [Appellant] fell asleep in the van and Surratt never saw him leave the van.

To obtain relief based on after-discovered evidence, [Appellant] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. ***Commonwealth v. Randolph***, 873 A.2d 1277, 1283 (2005); ***Commonwealth v. McCracken***, 659 A.2d 541, 545 (1995). Evidence does not qualify as after-discovered

- 8 -

evidence where it will be used solely to impeach the credibility of a witness. ***Commonwealth v. Pagan***, 950 A.2d 270 (Pa. 2008).

Affidavits that are submitted by co-defendants after sentencing have long been held to be unreliable, since the co-defendant making the statement has nothing to lose by attempting to aid his accomplice's cause. ***Commonwealth v. Frey***, 517 A.2d 1265, 1268-1269 (Pa. 1986). Post-sentence accomplice testimony is viewed with skepticism. ***Commonwealth v. Scott***, 470 A.2d 91, 94) (Pa. 1983).

Here, co-defendant Surratt had already been convicted and sentenced at the time he provided his affidavit. He had nothing to lose from the claims made in his affidavit. Furthermore, Surratt's affidavit does not exclude [Appellant] from being in the house. Surratt claims he did not see [Appellant] leave the van or have a gun and he believes that all the shots fired were from his gun, but there is ample evidence that contradicted these claims.

Additionally, Surratt's testimony would be used solely to impeach witness credibility. During the trial, Helen McCorkle testified that she knew [Appellant] because they had attended the same middle school. McCorkle identified [Appellant] as one of the men who walked past her as she was leaving the residence. Although McCorkle did not see [Appellant] actually enter the house, she saw him in the doorway just before entering the house and she saw he carried a gun as he walked passed her. (Transcript at 284 — 289). This [c]ourt found McCorkle's testimony to be credible.

Notice of Intention to Dismiss, 8/7/20, at 2-5 (paragraph numbering omitted, bold emphasis added, underline in original).

The PCRA court did not abuse its discretion. As noted above, the PCRA court has presided in this case for more than a decade, and was the factfinder at Appellant's non-jury trial. The court thus possesses "familiarity with the case [to] likely assist the proper administration of justice" in post-conviction proceedings. ***Commonwealth v. Abu-Jamal***, 720 A.2d at 90. Moreover, the PCRA court's findings are supported by the record, and its decision to

dismiss Appellant's petition is free of legal error. Accordingly, Appellant's first two issues — concerning the timeliness of his petition and the dismissal of the petition without a hearing — do not merit relief. "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Woods***, 179 A.3d 37, 42 (Pa. Super. 2017) (citation omitted). "Our courts have strictly interpreted [the timeliness] requirement as creating a jurisdictional deadline, [and a] court may not address the merits of the issues raised if the PCRA petition was not timely filed." ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019) (citations omitted).

The above notwithstanding, the PCRA court expressly disputed Appellant's third issue, in which Appellant claims "the PCRA court . . . placed in issue the reliability of the [victim's] identification" of Appellant. Appellant's Brief at 3. The PCRA court stated that the claim "is incorrect." Notice of Intention to Dismiss, 8/7/20, at 6. The court explained that while it "did not find beyond a reasonable doubt that [Appellant] shot [the victim]," it "accepted [the victim]'s identification of [Appellant] as having been in the house when the shooting occurred." ***Id.***[4]

---

[4] The PCRA court further found that Appellant's felony murder convictions "were supported by the identification of [Appellant] in the house by [the
*(Footnote Continued Next Page)*

Likewise, Appellant's fourth issue, even if timely, would not merit relief. Appellant challenges his mandatory life without parole sentences on the basis they are "unconstitutional and disproportionate when applied to [Appellant] who was barely 20 years old and the least culpable of the four defendants, and where the trial judge expressly recognized the gross injustice of the mandatory life sentence in this case." Appellant's Brief at 3, *see also id.* at 20, 53-54 (citing *Miller v. Alabama*, 567 U.S. 460 (2012) (mandatory life imprisonment without parole is unconstitutional for crimes committed when a defendant was under 18 years of age), *made retroactive by **Montgomery v. Louisiana***, 577 U.S. 190 (2016)). Appellant concedes he does not "technically fall within the scope of *Miller*," but argues "he was still a minor and *de facto* similarly situated with defendants entitled to relief under *Miller*." Appellant's Brief at 53-54. Appellant raises the claim "in the event the Pennsylvania or United States Supreme Court expands the reach of *Miller*[.]" *Id.* at 54.

While this argument is rational, it is not original. Pennsylvania courts have repeatedly held that *Miller* does not apply to defendants over the age of 18. Both parties cite *Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*), in which the appellant, Ms. Lee, requested that the Superior

---

victim] and at the doorway with a gun by McCorkle." Notice of Intention to Dismiss, 8/7/20, at 6.

Court apply the holding in **Miller** to grant post-conviction relief. Ms. Lee was 18 years and 9 months old on November 2, 1979, when she participated in an attempted robbery that resulted in a shooting death. **Id.** at 2. She was convicted of second-degree murder and sentenced to life in prison without parole. **Id.** Thirty-five years later, on March 24, 2016, Ms. Lee filed her sixth PCRA petition based on **Miller** and **Montgomery**. **Id.** at 6. She cited "'immature brain' studies", **id.** at 9, and asserted she was a "virtual minor" at the time of her crime. **Id.** at 3. Ms. Lee argued "the rationale underlying the **Miller** holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the **Miller** Court, provides support for extending the benefit of **Miller** to her case." **Id.** The 9-member *en banc* panel of this Court disagreed. We explained:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling."
>
> If this matter were one of first impression and on direct appeal, we might expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude . . . that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

**Id.** at 11 (footnote and citations omitted). In addition, the Pennsylvania Supreme Court denied Ms. Lee's petition for allowance of appeal.

*Commonwealth v. Lee*, 218 A.3d 851 (Pa. 2019). More recently, Supreme Court Justice Dougherty, joined by Justice Mundy, commented:

> Indeed, the Superior Court has on multiple occasions recognized the limited applicability of th[e *Miller* and *Montgomery*] decisions, and has correctly rejected attempts by prisoners to extend their holdings — under the guise of the newly-recognized constitutional right exception — to challenge their **adult** murder convictions. The reason these holdings are correct is simple: "the right[s] asserted" in those cases were **new rights** sought to be created, not old rights already "recognized by the Supreme Court of the United States ... [that have] been held by that court to apply retroactively."

*Commonwealth v. Cobbs*, 256 A.3d 1192, 1221 (Pa. 2021) (Dougherty, J., dissenting).

Finally, we address the issue raised by Appellant in his supplemental brief, regarding the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). On October 25, 2021, Appellant requested until December 10, 2021 to file a supplemental brief addressing *Bradley*, which was decided on October 20, 2021, subsequent to Appellant filing his appellate brief. *See* Application for Extension of Time, 10/25/21, at 1-2 (stating *Bradley* is "a seminal decision which dramatically alters the procedure by which an incarcerated defendant may raise claims of ineffective assistance of PCRA counsel (PCRA-IAC)."). We granted Appellant's request.[5]

---

[5] On December 21, 2021, the Commonwealth filed an Application for Extension of Time to File a Reply Brief, which we deny as moot.

Citing **Bradley**, Appellant now argues that "remand is warranted where there are material facts at issue concerning initial PCRA counsel's stewardship and relief 'is not plainly unavailable as a matter of law.'" Appellant's Reply Brief at 14. Appellant claims "remand for further development of the record is warranted into claims of ineffective assistance of initial PCRA counsel." **Id.** at 15.

In **Bradley**, the Pennsylvania Supreme Court expanded the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of PCRA counsel [wa]s by filing of a response to the PCRA court's Rule 907 dismissal notice." **Id.** at 386. The **Bradley** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401.

Here, Appellant did not raise PCRA counsel's ineffectiveness "at the first opportunity to do so." **Id.** Notably, Appellant did not raise the issue of counsel's ineffectiveness until after **Bradley** was decided, when he filed his December 10, 2021 reply brief. Appellant claims that until **Bradley**, he "had no opportunity *at all* to raise claims of PCRA counsel ineffectiveness." Appellant's Reply Brief at 17 (emphasis in original). We disagree. In 2014, this Court decided Appellant's appeal from the dismissal of his first PCRA

petition, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Coto***, 24 WDA 2013, at *3 (Pa. Super. Feb. 28, 2014) (unpublished memorandum), ***appeal denied***, 97 A.3d 818 (Pa. 2014). After being denied relief, Appellant could have raised counsel's ineffectiveness "at the first opportunity," but did not. Appellant states the "record before this Court raises questions about initial PCRA counsel's stewardship, where initial PCRA counsel failed to raise any of several claims []." ***Id.*** at 14. However, Appellant did not raise these questions in prior filings, including the underlying *pro se* petition and counseled amended petition. Accordingly, he may not invoke ***Bradley*** to challenge the effectiveness of prior PCRA counsel.

In sum, and for the reasons discussed above, we affirm the dismissal of Appellant's second PCRA petition. Accordingly, we deny the Commonwealth's application to file a reply brief as moot.

Order affirmed. Commonwealth application denied.

The decision was reached prior to the retirement of Judge Musmanno.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/06/2022

- 15 -