J-A26044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR GURDINE | : | |
| | : | |
| Appellant | : | No. 1070 EDA 2021 |

Appeal from the PCRA Order Entered April 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009766-2007

BEFORE:   BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED FEBRUARY 25, 2022**

Lamar Gurdine (Appellant) appeals, *pro se,* from the order entered in the Philadelphia County Court of Common Pleas, denying his second Post Conviction Relief Act[1] (PCRA) petition as untimely filed.  The sole claim raised in the petition was prior PCRA counsel's ineffective assistance, for failure to preserve a claim of trial counsel's ineffectiveness.  We affirm.

On direct appeal, a prior panel of this Court summarized the underlying facts as follows.  On the afternoon of February 16, 2007, Philadelphia Police Officers Joseph McCauley and Michael Maresca

> were in the area of 13th and Pike Streets in Philadelphia when they heard gunfire.  Officer McCauley ran towards the gunfire and observed [A]ppellant and other males shooting at each other while running southbound on 13th Street.  When Officer McCauley

---

[1] 42 Pa.C.S. §§ 9541-9546.

ordered them to drop their weapons, [A]ppellant pointed his gun at the officer, said "[f**k] you," and continued running while firing at Officer McCauley.

When Officer Maresca . . . arrived on the scene, [A]ppellant turned and pointed his weapon at [him]. Appellant pulled the trigger, but the gun had no more ammunition and made only a clicking sound.

*Commonwealth v. Gurdine*, 909 EDA 2010 (unpub. memo. at 2) (Pa. Super. Mar. 30, 2011) (paragraph break added and citation to trial court opinion omitted), *appeal denied*, 267 EAL 2011 (Pa. Nov. 14, 2011).

Appellant was charged with, *inter alia*, two counts of attempted murder[2] of the two police officers. The case proceeded to a bench trial, and on February 19, 2009, the trial court found Appellant guilty of these two counts, as well as violations of the Uniform Firearms Act[3] and related offenses.[4] On November 13, 2020, the trial court imposed an aggregate sentence of 22½ to 45 years' imprisonment.

Appellant took a direct appeal to this Court, which affirmed the judgment of sentence on March 30, 2011. *See Gurdine*, 909 EDA 2010. The

---

[2] 18 Pa.C.S. §§ 901(a), 2502(a).

[3] 18 Pa.C.S. §§ 6101 – 6187.

[4] Appellant was also found guilty of: two counts each of simple assault, aggravated assault, and recklessly endangering another person, *see* 18 Pa.C.S. §§ 2701(a), 2702(a), 2705; and one count each of possessing an instrument of crime, persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia. *See* 18 Pa.C.S. §§ 907(a), 6105(a)(1), 6106(a), 6108.

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 14, 2011. *See Gurdine*, 267 EAL 2011.

Relevant to our discussion of *Bradley*, *infra*, we review the ensuing PCRA procedural history in detail. On January 24, 2012, Appellant filed a *pro se* timely, first PCRA petition, raising multiple claims of trial counsel's ineffectiveness and Officer Maresca's alleged perjury at trial. Appellant's *Pro Se* Petition for Post-Conviction Collateral Relief, 1/24/12, at 4-5 (unpaginated). More than a year later, on February 21, 2013, PCRA counsel, Peter Levin, Esquire,[5] filed an "amended petition," presenting two claims: (1) trial counsel's ineffectiveness for failing to file a post-trial motion challenging the weight of the evidence; and (2) direct appeal counsel's ineffectiveness for failing to address the denial of Appellant's motion to reconsider sentence. Appellant's Amended Petition Under Post-Conviction Relief Act, 2/21/13, at 2-3.

Almost one year thereafter, on February 2, 2014, Attorney Levin filed a "supplemental petition," without first seeking leave of the PCRA court to do so. This petition raised an additional claim for the first time: that Appellant

---

[5] It appears Attorney Levin was appointed. The trial docket includes two October 22, 2012, entries, which state, respectively, "Entry of Appearance" and "Appointment Notice." Neither entry, however, identifies the attorney, and there are no corresponding documents in the certified record.

requested trial counsel to call witnesses, but counsel did not.[6] Appellant's Supplemental Petition Under Post-Conviction Relief Act, 1/21/14, at 1. Attorney Levin attached signed statements by two individuals; both claimed they observed the shooting and that Appellant did **not** shoot at the police officers.[7] Both witnesses also stated they were willing and available to testify at Appellant's trial.

The PCRA court denied the petition without a hearing. On appeal to this Court, Appellant re-raised his ineffectiveness claims that: (1) trial counsel failed to challenge the weight of the evidence in a post-sentence motion; and (2) direct appeal counsel failed to challenge the discretionary aspects of his sentence. This Court addressed them on the merits and denied relief. ***Commonwealth v. Gurdine***, 157 EDA 2015 (unpub. memo. at 4-7, 8-11) (Pa. Super. Apr. 12, 2016), *appeal denied*, 190 EAL 2016 (Pa. Sept. 27, 2016). However, this Court found Appellant's third issue — whether trial counsel was ineffective for not calling two fact witnesses — was waived for failure to raise it in the timely amended PCRA petition. ***Id.*** at 7. Instead, this Court noted,

---

[6] We note Appellant's *pro se* January 24, 2012, petition included an assertion, "Trial counsel failed to investigate/interview known witnesses." Appellant's *Pro Se* Petition for Post-Conviction Collateral Relief at 4. However, Appellant provided no further discussion, including any explanation of who these witnesses were or what information they would have provided.

[7] The two alleged eyewitnesses were Genessis Butler, an inmate at Riverside Correctional Facility, and Cheryl Campbell.

the issue was raised for the first time in an "unauthorized supplemental PCRA petition." *Id.* at 7-8, *citing* Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time."); **Commonwealth v. Mason**, 130 A.3d 601, 621 n.19 (Pa. 2015) (Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA court'"). Accordingly, this Court affirmed the denial of PCRA relief on April 12, 2016, and the Pennsylvania Supreme Court denied allowance of appeal on September 27, 2016.

Within a month thereof, on October 20, 2016, Appellant filed the instant PCRA petition, *pro se*.[8] He did not invoke any of the PCRA's timeliness exceptions. Instead, Appellant raised a sole claim: Attorney Levin was ineffective for failing to seek leave of court before filing the supplemental PCRA petition, which resulted in waiver of Appellant's claim of trial counsel's ineffectiveness for failing to investigate witnesses. Appellant's Post-Conviction Relief Act Petition, 10/20/16, at 5. Appellant averred he became aware of Attorney Levin's ineffectiveness through this Court's prior

---

[8] This October 20, 2016, filing date corresponds to the date on the postage stamp on Appellant's envelope. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

memorandum.  He requested relief in the form of reinstatement of his "initial PCRA rights."[9]  Appellant's Post-Conviction Relief Act Petition, 10/20/16, at 7.

On January 4, 2021 — more than four years after Appellant filed the PCRA petition — the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing.[10]  The court reasoned the petition was untimely, and Appellant did not invoke any timeliness exception.  Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 1/4/21.  The notice informed Appellant that any response must be filed within 20 days.  *Id.*  On February 4th — beyond the 20-day period — Appellant filed a *pro se* extension of time to file a response to the Rule 907 notice.  The court did not rule on this extension request, and on April 30, 2021, issued the underlying order denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal.[11]  The PCRA court filed an opinion on June 8, 2021, reasoning that Appellant filed the PCRA petition

---

[9] Subsequently, Appellant filed the following additional *pro se* pleadings, which raised additional claims: (1) on November 23, 2016, an amended PCRA petition; (2) on February 10, 2017, a "Memorandum of Law Regarding Actual Innocence and Failure to Investigate Witnesses;" and (3) more than three years later, on July 8, 2020, a second amended PCRA petition.  Appellant did not seek leave of court to file these.

[10] The docket does not indicate a reason for the lapse of time following Appellant's filing of the initial petition on October 20, 2016.

[11] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

beyond the general one-year filing period, but did not invoke any of the timeliness exceptions. PCRA Ct. Op., 6/8/21, at 3.

Appellant raises one issue for our review:

Whether the PCRA court was in error in dismissing the Appellant's PCRA petition as untimely pursuant to 42 [Pa.C.S.] §9545(b).

Appellant's Brief at 7.

Appellant does not invoke any of the enumerated timeliness exceptions at Subsection 9545(b)(1), but instead cites the Pennsylvania Supreme Court's 2009 plurality decision in *Commonwealth v. Ligons*, 971 A.2d 1125 (Pa. 2009).[12] Appellant reiterates *Ligon*'s statement that "Pa.R.Crim.P. 904 embodies an enforceable right to effective PCRA counsel in a first PCRA petition and therefore we must permit claims challenging PCRA counsel's stewardship in an appeal to this Court." *See Ligons*, 971 A.2d at 1138; Appellant's Brief at 15. Appellant further cites this passage:

[A]bsent invocation of one of the three statutory exceptions to the timeliness requirement set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii), it would be virtually impossible for a petitioner to ever file a serial petition raising PCRA counsel's ineffectiveness in a timely manner as his first PCRA petition would not be disposed of before the one-year statutory filing period expires.

*See Ligons*, 971 A.2d at 1139-40; Appellant's Brief at 15. Finally, with respect to the merits of his present ineffectiveness claim, Appellant maintains:

---

[12] Justice Todd joined Justice Baer's majority opinion. Chief Justice Castille filed a concurring opinion, which was joined by Justices Eakin and McCaffery. Justice Saylor filed a concurring and dissenting opinion.

(1) his underlying claim has arguable merit, where Attorney Levin's actions resulted in the waiver of his first PCRA claim; (2) Attorney Levin did not "operat[e] within the strictures of criminal procedures [and thus] denied Appellant the opportunity to have his ineffective claim hear[d;]" and (3) "Appellant's interest[s] were not served by counsel's course of action." Appellant's Brief at 16. After careful review, we determine no relief is due.

Preliminarily, we note the relevant standard of review:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted). With respect to the PCRA's timeliness requirements, this Court has explained:

Section 9545 of the PCRA expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. [42 Pa.C.S.] § 9545(b)(3). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." A court may not address the merits of the issues raised if the PCRA petition was not timely filed.

***Id.*** (some citations omitted).

Here, we agree with the PCRA court that Appellant's October 20, 2020, petition was filed beyond the PCRA's general one-year filing period. Our Supreme Court denied Appellant's petition for allowance of appeal from his

direct appeal on November 14, 2011. Appellant had 90 days, or until Monday, February 13, 2012, to file a writ of *certiorari* with the United States Supreme Court.[13]  He did not, and thus his judgment of sentence became final for PCRA purposes on that day.  *See* 42 Pa.C.S. § 9545(b)(3).  Appellant then generally had one year, or until February 13, 2013, to file a PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1).  The instant petition was filed more than seven years thereafter and, as the PCRA court pointed out, Appellant did not invoke any of the Subsection 9545(b)(1) timeliness exceptions.  *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); PCRA Ct. Op. at 3.  On appeal, Appellant likewise does not rely on any of the Subsection 9545(b)(1) timeliness exceptions, but instead refers to the statements, quoted above, set forth in *Ligons*, 971 A.2d 1125.

Nevertheless, we find instructive the Pennsylvania Supreme Court's decision in *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018).[14]  In

---

[13] The 90th day after November 14, 2011, was Sunday, February 12th.  For purposes of calculating PCRA time requirements, Appellant thus had until the next day, Monday, to seek *certiorari*.  *See* U.S. Sup. Ct. R. 30(1) (where last permitted day for filing falls on weekend, filing deadline shall be extended to next business day).

[14] We acknowledge the Supreme Court's recent decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. Oct. 20, 2021), issued while this appeal was pending.  In *Bradley*, the Court concluded:  "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."  *Id.* at 401 (footnote omitted).  However, that case, unlike the instant matter, concerned a first, timely PCRA petition.  *See id.* at 384.

*(Footnote Continued Next Page)*

*Peterson*, the petitioner's attorney filed a PCRA petition one day beyond the filing deadline. *Id.* at 1125. Nevertheless, the PCRA court conducted an evidentiary hearing and denied relief on the merits. *Id.* at 1126. On appeal, this Court quashed the appeal, finding the petition was filed one day late. *Id.*

The petitioner then filed a second PCRA petition, claiming counsel was ineffective in filing the prior petition late. *Peterson*, 192 A.3d at 1126. The PCRA court held an evidentiary hearing, found the petitioner did not know his attorney missed the filing deadline, and accordingly concluded the second PCRA petition was timely filed. *Id.* at 1127. On appeal, this Court reversed, concluding the petition was **not** timely filed. *Id.*

Our Supreme Court reversed this Court's decision, holding "[c]ounsel's untimely filing of [the] first PCRA petition constituted ineffectiveness *per se*, as it completely foreclosed [the petitioner] from obtaining review of the collateral claims set forth in his first PCRA petition." *Peterson*, 192 A.3d at 1132. The Court considered the

> ["]distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances, as here, in which counsel has

---

In any event, we do not consider the applicability of **Bradley** to the instant appeal. Although "a new rule of constitutional law is generally retrospectively applicable . . . to cases pending on direct appellate review[,]" "a new constitutional rule of criminal procedure [generally] does not apply . . . to convictions that were final when the new rule was announced." **Commonwealth v. Washington**, 142 A.3d 810, 813 (Pa. 2016) (citations omitted). As the present appeal lies from the denial of PCRA relief, rather than from the judgment of sentence, **Bradley** is not applicable.

- 10 -

failed to file an appeal at all." We concluded that the difference in degree between partial and complete deprivations of review is significant, as the latter "is the functional equivalent of having no counsel at all." This denial of counsel constitutes a form of ineffectiveness *per se*, pursuant to which prejudice must be presumed because the process itself has been rendered "presumptively unreliable" under the Sixth Amendment. [*See*] *Commonwealth v. Rosado*, . . . 150 A.3d 425, 428-29 (Pa. 2018) ("[T]his Court has . . . held that errors which completely foreclose appellate review amount to a constructive denial of counsel and thus ineffectiveness of counsel *per se*, whereas those which only partially foreclose such review are subject to the ordinary *Strickland*/*Pierce*[15] framework.") . . . .

*Id.* at 1129 (some citations omitted).

Here, Appellant correctly points out that Attorney Levin's failure to preserve his one issue — whether trial counsel was ineffective for not calling two fact witnesses — resulted in the waiver of that issue. *See Gurdine*, 157 EDA 2015 (unpub. memo. at 7-8). Accordingly, neither the PCRA court nor this Court considered the merits of the claim. Nevertheless, we emphasize that Appellant was afforded review on the other claims raised in his first, timely PCRA petition. The PCRA court denied relief on — albeit without a hearing — and on appeal, this Court addressed the merits of Appellant's claims that: (1) trial counsel was ineffective for not challenging the weight of the

---

[15] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). Under Pennsylvania's *Pierce*/*Strickland* standard, a defendant claiming ineffective assistance of counsel must show: "(1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different." *Rosado*, 150 A.3d at 429.

evidence in a post-sentence motion; and (2) direct appeal counsel was ineffective for not challenging the discretionary aspects of his sentence. ***See id.*** at 4-7, 8-11. Thus, while Attorney Levin "narrowed the ambit of appellate review by the claims he has raised or foregone," his actions did not result in a "complete deprivation[ ] of review." ***See Peterson***, 192 A.3d at 1129. Accordingly, Attorney Levin was not ineffective *per se* under **Peterson**, and the PCRA court did not err in denying relief. On this basis, we affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2022