J-A06043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :        PENNSYLVANIA
                                        :

            v.                          :

ANTHONY DEFRANCO               :

           Appellant        :    No. 1239 WDA 2021

Appeal from the PCRA Order Entered October 4, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000422-1993

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:              **FILED: JULY 6, 2022**

Appellant, Anthony DeFranco, appeals, *pro se*, from the order of the Court of Common Pleas of Erie County (trial court) that dismissed his seventh petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. For the reasons set forth below, we affirm the dismissal of one of the claims for PCRA relief raised by Appellant, but vacate the dismissal of his PCRA claim concerning the recantation of a witness who testified at his trial, and remand the case to the trial court for further proceedings on that claim.

Appellant was convicted on August 21, 1993, of second-degree murder, aggravated assault, and simple assault and was sentenced to life

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

imprisonment on September 27, 1993. ***Commonwealth v. DeFranco***, 14 WDA 2012, at 2 (Pa. Super. June 5, 2012) (unpublished memorandum). Appellant filed a timely direct appeal and this Court affirmed Appellant's judgment of sentence on August 11, 1995. ***Id.*** Appellant timely sought reargument, which this Court denied on October 18, 1995. ***Commonwealth v. DeFranco***, 1634 PGH 1993 Docket Entries. Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. ***Id.***

Between 1996 and 2011, Appellant filed six unsuccessful PCRA petitions. ***Commonwealth v. DeFranco***, 14 WDA 2012, at 2-4. This Court affirmed the dismissal of the last of these prior PCRA petitions on June 5, 2012, ***Commonwealth v. DeFranco***, 53 A.3d 924 (Pa. Super. 2012) (table), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from that decision on December 5, 2012. ***Commonwealth v. DeFranco***, 57 A.3d 67 (Pa. 2012).

On August 30, 2021, Appellant filed the instant seventh PCRA petition. In this PCRA petition, Appellant asserts two claims, a claim based on the recantation of one of the witnesses who testified at his trial, Brian Marlowe, and a claim that the Commonwealth's pathologist allegedly gave false testimony at his trial. 8/30/21 PCRA Petition at 4; Memorandum of Law in Support of PCRA at 1-2. In his PCRA petition, Appellant pled that the petition was timely because Marlowe's recantation did not occur until August 19, 2021, less than a month before he filed the PCRA petition, and attached an affidavit

- 2 -

from Marlowe recanting his trial testimony dated August 19, 2021. 8/30/21 PCRA Petition at 3; Memorandum of Law in Support of PCRA Petition at 2 & Exhibit 1.

On September 9, 2021, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss this PCRA petition without a hearing.[2] In its Rule 907 notice, the trial court stated that the PCRA petition was time-barred in its entirety because Appellant "has failed to plead and prove a timeliness exception to the PCRA's one year time limit" and that "[a]ssuming *arguendo* that the petition is timely, it is without merit." Opinion and Rule 907 Notice, 9/9/21. Appellant filed a timely response to the Rule 907 notice in which he argued that the PCRA petition was timely because Marlowe's recantation was newly discovered evidence not available to him before August 2021 and that the trial court could not reject this claim on the merits without an evidentiary hearing. Objections to Notice of Intent to Dismiss at 1-2. On October 4, 2021, the trial court dismissed the PCRA petition without a hearing.

Appellant timely appealed this order. Appellant argues in this appeal (1) that the trial court erred in holding that his PCRA claims were untimely, (2) that the trial court erred in rejecting his PCRA claim concerning witness

---

[2] Before Appellant filed the instant PCRA petition, the trial court judge who presided over Appellant's trial and sentenced him had retired from the bench and the Rule 907 notice and subsequent order dismissing Appellant's PCRA petition were issued by a different trial court judge.

Marlowe's recantation as lacking merit without holding a hearing, and (3) that the trial judge who dismissed his PCRA petition erred in not recusing himself. Appellant's Brief at 2. We review the trial court's dismissal of Appellant's PCRA petition to determine whether its decision is supported by the record and free of legal error. *Commonwealth v. Williams*, 732 A.2d 1167, 1176 (Pa. 1999); *Commonwealth v. Diggs*, 220 A.3d 1112, 1116 (Pa. Super. 2019); *Commonwealth v. Whiteman*, 204 A.3d 448, 450 (Pa. Super. 2019).

> The PCRA provides that
>
> [a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). These exceptions can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely claim for PCRA relief. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Diggs*,

220 A.3d at 1117; *Whiteman*, 204 A.3d at 451; *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on November 17, 1995, upon the expiration of the 30-day period to file a petition for allowance of appeal following this Court's October 18, 1995 denial of Appellant's petition for reargument. 42 Pa.C.S. § 9545(b)(3). Appellant's claims for relief in the instant PCRA petition, filed more than 25 years after the judgment became final, are patently untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii) with respect to those claims.

Appellant did not allege and prove any timeliness exception with respect to his claim for PCRA relief concerning the Commonwealth's pathologist. Appellant did not plead anything in his PCRA petition or response to the Rule 907 notice that showed that anything about the pathologist's testimony was unknown to him and newly discovered less than a year before August 2021 or that any government entity prevented him from filing a PCRA claim concerning the pathologist before August 2020. The trial court therefore did not err in dismissing this PCRA claim as untimely.

Appellant, however, did establish a timeliness exception with respect to his claim concerning Marlowe's recantation. Appellant bases this PCRA claim on an affidavit given by Marlowe on August 19, 2021, and asserts that Marlowe did not come forward and recant his trial testimony against Appellant until he

gave that affidavit. Memorandum of Law in Support of PCRA Petition at 2 & Exhibit 1. Absent evidence in the record that Marlowe recanted his trial testimony and that Appellant could have learned of the recantation before that time, this is sufficient to satisfy the PCRA's timeliness exception for newly discovered facts under 42 Pa.C.S. § 9545(b)(1)(ii). *Diggs*, 220 A.3d at 1116, 1118-19 (Section 9545(b)(1)(ii) newly-discovered fact exception applied to PCRA claim that witness recanted testimony where witness signed affidavit recanting testimony one month before defendant filed PCRA petition asserting a claim based on that recantation).

The trial court here did not find that Appellant could have learned of Marlowe's recantation before the August 2021 affidavit and did not conclude that there was anything in the record that suggests that Marlowe ever recanted his testimony or admitted to anyone that his trial testimony was false at any time before August 30, 2020. Rather, in its opinions in this matter, the trial court simply stated that Appellant failed to plead and prove any timeliness exception without discussing the fact that Appellant had pled that his recantation claim was timely under Section 9545(b)(1)(ii) and without giving any reason why this claim, based on a recantation affidavit less than two weeks before the PCRA petition was filed, did not satisfy this timeliness exception. Opinion and Rule 907 Notice, 9/9/21; Trial Court Opinion,

11/3/21.[3]   Because Appellant pled and proved that a timeliness exception with respect to his claim concerning Marlowe's recantation of his trial testimony, the trial court erred in dismissing that claim for PCRA relief as untimely.

Appellant is also correct that the trial court's dismissal of his recantation claim cannot be sustained based on the trial court's alternative holding that it lacks merit.  The trial court did not set forth any basis on which it concluded that Appellant's claim concerning Marlowe's recantation lacked merit in its opinions, Opinion and Rule 907 Notice, 9/9/21; Trial Court Opinion, 11/3/21, let alone explain how that determination could be made on the face of the record without an evidentiary hearing.  While recantation evidence is often highly unreliable, a PCRA court must assess the credibility of the recantation and its significance in light of the evidence as a whole before it can deny PCRA relief on the ground that the claim lacks merit.  *Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004); *Williams*, 732 A.2d at 1180-81.  Where, as here, the PCRA court simply rejects a recantation claim without any evidentiary hearing and without making such an assessment, the dismissal must be vacated and the case remanded for the PCRA court to make a

---

[3] In addition, there is no claim by the Commonwealth that any recantation occurred more than a year before this PCRA petition was filed.  The Commonwealth filed nothing in the trial court in response to the instant PCRA petition and did not file a brief in this appeal.

determination of the credibility and significance of the recantation. **D'Amato**, 856 A.2d at 825-26; **Williams**, 732 A.2d at 1180-81.

Appellant's remaining issue in this appeal, that the trial court judge who dismissed the PCRA petition erred in failing to recuse himself, however, is not grounds for disturbing the trial court's order. Appellant filed no motion to recuse in the trial court. Having not moved for recusal in the trial court before the dismissal of his PCRA petition, he cannot seek relief on that ground in this court. Pa.R.A.P. 302(a) (issues not raised in the court of common pleas cannot be raised for the first time on appeal).

For the foregoing reasons, we affirm the trial court's dismissal of Appellant's PCRA claim concerning the Commonwealth pathologist's testimony, but vacate its dismissal of his PCRA claim concerning witness Marlowe's recantation and remand that claim to the trial court. The trial court is directed on remand to assess the credibility of the recantation and its significance in light of the evidence as a whole and to hold an evidentiary hearing on the credibility of the recantation unless it can determine from the face of the record without that credibility determination that the requirements for relief on the basis of after-discovered evidence cannot be satisfied.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/6/2022