J-S30018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN MEREDITH CORLISS | : | |
| | : | |
| Appellant | : | No. 444 EDA 2022 |

Appeal from the PCRA Order Entered January 5, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002173-2013

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                 **FILED FEBRUARY 6, 2023**

Justin Meredith Corliss (Appellant) appeals, *pro se*, from the order entered in the Monroe County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant seeks relief from the judgment of sentence of 9 to 18 years' imprisonment imposed following his jury conviction of two counts of aggravated indecent assault of a child[2] committed against a minor female, R.V.[3]  On appeal,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3125(a)(7).

[3] As we note **infra**, the charges at this trial court docket — CP-45-CR-0002173-2013 (Trial Docket 2173-2013) — were tried jointly with charges filed at trial court docket CP-45-CR-0001749-2013 (Trial Docket 1749-2013), which involved sexual offenses committed against another minor victim, Appellant's

*(Footnote Continued Next Page)*

Appellant argues the PCRA court erred and abused its discretion by: (1) refusing to permit him to amend his petition to address the miscarriage of justice that occurred and timeliness; (2) determining his challenges to the statute of limitations and sufficiency of the evidence were previously litigated; and (3) allowing the Commonwealth to "weaponize[e]" his "unconstitutional" prior conviction. *See* Appellant's Brief at 5. For the reasons below, we affirm.

The relevant facts and procedural history underlying Appellant's convictions were summarized by this Court in the memorandum decision affirming the denial of his first PCRA petition:

> [Appellant] operated a pet store in Monroe County. In 1993, [Appellant] commenced a romantic relationship with his coworker, K.V. Shortly thereafter, [Appellant] moved in the residence K.V. shared with her minor daughter, R.V. In 1995, when R.V. was approximately nine years old, [Appellant] began to molest R.V. At first, [Appellant] would tickle R.V. when they played together. [Appellant's] behavior escalated, however, and he began placing his hands down R.V.'s pants. [Appellant] digitally penetrated R.V. on multiple occasions between 1995 and 1997. The abuse occurred at K.V.'s residence, often while K.V. was in another room. On one occasion, [Appellant] inappropriately touched R.V. during a car trip to New York. The molestation continued until 1997, when [Appellant] moved out of K.V.'s residence. R.V. did not immediately report the abuse.
>
> In 1996, fourteen-year old [D.G.] began to work at [Appellant's] pet store. . . . After [D.G.] started working at the pet store, [Appellant] would tickle her. [Appellant's] behavior escalated, and he began placing his hands down

_____

daughter, C.C. An appeal from the denial of Appellant's second PCRA petition filed in that case is pending before this panel. ***See Commonwealth v. Corliss***, 1051 EDA 2022.

[D.G.'s] pants. Eventually, [Appellant] and [D.G.] engaged in sexual intercourse. [Appellant] also performed oral sex on [D.G.] on multiple occasions[ and fondled her during car trips to New York.]

. . . In 1997, [D.G's] mother learned about the abuse and immediately informed the police.

[Appellant was charged] with multiple offenses related to the molestation of [D.G., and following a jury trial, was] convicted . . . of two (2) counts of statutory sexual assault and one (1) count each of aggravated indecent assault, indecent assault, and corruption of minors. On August 20, 1998, the [trial] court sentenced [Appellant] to an aggregate term of four (4) to ten (10) years' imprisonment. This Court affirmed the judgment of sentence on November 30, 1999. *See Commonwealth v. Corliss*, 750 A.2d 366 (Pa. Super. 1999) (unpublished memorandum).

Prior to the start of the 1998 trial, [Appellant] met C.T. at the pet store. [Appellant] and C.T. married, and C.T. became pregnant before [Appellant's] sentencing hearing. C.T. gave birth to [Appellant's] daughter, C.C., in 1999 while [Appellant] was incarcerated. [Appellant] remained incarcerated until 2008. Upon his release, [Appellant] returned to live with C.T. and C.C. C.T. had no concerns about [Appellant] being around C.C., because [Appellant] had convinced C.T. that he was actually innocent of the charges pertaining to [D.G.] When [Appellant] would play with C.C., C.T. noticed that [Appellant] tickled the child and scratched the child's back. The tickling started to bother C.C., and she asked [Appellant] not to touch her, but C.T. did not intervene. [Appellant's] relationship with C.T. ended in 2010, after C.T. discovered that [Appellant] was having an affair with another teenager. In 2013, C.C. informed C.T. that [Appellant] had molested her. C.C. claimed that [Appellant] would put his hands down her pants and touch her vagina, exposed his penis to C.C., and attempted to force the child to perform oral sex on him.

Police arrested [Appellant] for the offenses against C.C. in July 2013. The media reported on [Appellant's] arrest, and R.V. saw the coverage. R.V. decided to contact police and inform them of the abuse she suffered from 1995 until 1997. At [Trial Docket 1749-2013], the Commonwealth charged

[Appellant] with sex offenses committed against C.C. At [Trial Docket 2173-2013], the Commonwealth charged [Appellant] with sex offenses committed against R.V.

The two cases involving the allegations of R.V. and C.C. were tried together, and at that joint trial, the Commonwealth was permitted to introduce evidence of [Appellant's] prior conduct toward D.G. in [the 1998 case.[4]]

[Appellant] was found guilty of offenses against both R.V. and C.C., and as to the counts concerning R.V. [at Trial Docket 2173-2013], he was sentenced to a total prison term of 9 to 18 years.[5] The judgment of sentence was affirmed[, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal]. ***Commonwealth v. Corliss***, 108 EDA 2017 (Pa. Super. Dec. 8, 2017) (unpublished memorandum)[, *appeal denied*, 176 MAL 2018 (Pa. Oct. 30, 2018)]. . . .

***Commonwealth v. Corliss***, 1239 EDA 2020 (Pa. Super. Apr. 30, 2021) (unpub. memo. at 2-4) (some citations omitted), *appeal denied*, 459 MAL 2021 (Pa. Nov. 30, 2021). Appellant was represented at trial by Adam W. Bompadre, Esquire, but requested to proceed *pro se* following the verdict, and has continued to represent himself since that time.

---

[4] Initially, the trial court denied the Commonwealth's pretrial motion *in limine* seeking to introduce evidence of Appellant's prior bad acts, including the "molestation of D.G." ***See Commonwealth v. Corliss***, 2091 EDA 2014, 2105 EDA 2014 (unpub. memo. at 5-6) (Pa. Super. July 14, 2015), *appeal denied*, 630 MAL 2015 (Pa. Dec. 7, 2015). However, the Commonwealth filed an interlocutory appeal to this Court, which reversed the court's ruling. ***See id.*** at 16-18.

[5] The trial court imposed a sentence of 30 to 60 years' imprisonment for the convictions at Trial Docket 1749-2013, and directed the sentences in this case run consecutively — thus, Appellant's aggregate sentence was 39 to 78 years' imprisonment. The court also determined Appellant was a sexually violent predator under the predecessor to the Sexual Offender Notification and Registration Act (SORNA). ***See*** 42 Pa.C.S. §§ 9799.51-9799.75 (Subchapter I).

Appellant filed a timely, *pro se*, PCRA petition on October 25, 2019. After conducting an evidentiary hearing, the PCRA court denied Appellant relief on May 27, 2020. A panel of this Court affirmed on appeal, and on November 30, 2021, the Pennsylvania Supreme Court denied Appellant's petition for allocatur review. **See Corliss**, 1239 EDA 2020; 459 MAL 2021.

On December 8, 2021, Appellant filed the present PCRA petition, his second. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on December 15, 2021. The court concluded: (1) the petition was untimely filed and Appellant failed to plead any of the timeliness exceptions; (2) the issues raised were either previously litigated or waived; and (3) Appellant failed to demonstrate a "strong prima facie showing that the allegations of error have either resulted in the conviction or affirmance of an innocent individual or that there has been a miscarriage of justice." **See** Notice Pursuant to Pa.R.C[rim].P. 907, 12/15/21, at 1-2. Appellant filed a timely response to the Rule 907 notice and requested permission to amend his petition to address the timeliness and miscarriage of justice deficiencies in his December 8th petition — he attached a proposed amended petition to his filing. **See** Appellant's Response to Rule 907 Order & Motion to Amend, 12/28/21, at 1-4; Appellant's Amended Second Post-Conviction Relief Act Petition, 12/28/21. By order entered January 5, 2022, and mailed to the parties on January 18th, the PCRA court denied both Appellant's second PCRA

petition, and his motion to amend. *See* Order, 1/5/22, at 1 (unpaginated).

This timely appeal follows.[6]

Appellant presents the following four issues for our review:

1. Whether the PCRA court erred and abused its discretion in refusing Appellant an opportunity to amend his second [PCRA] to include pleadings to address the miscarriage of justice standard, as set forth in **Com. v. Lawson**, [549 A.2d 107 (Pa. 1988),] to excuse any claims that the PCRA was untimely, although filed within the one-year limitation set forth for second and subsequent petitions?

2. Whether the PCRA court erred and abused its discretion in claiming that (a) the statute of limitations, as it existed in 1997, for the crime of aggravated indecent assault, did not expire prior to charging, (b) any alleged "tolling" was pled or proven at trial, (c) that [A]ttorney Bompadre was not ineffective for failing to argue such expiration during trial or seeking an instruction on such, (d) these discreet issues were previously litigated, by any court, and (e) any conviction for a crime whose limitations period expired and the jury did not find facts to excuse such, does not amount to a miscarriage of justice[?]

3. Whether the PCRA court erred and abused its discretion in claiming that the discreet challenges to the sufficiency of evidence to support the aggravated indecent assault, crime of violence, the statutory construction challenge, the inadequate jury instruction that omitted the *mens rea* component, and [A]ttorney Bompadre's failure to seek a distinguishing instruction were (a) previously litigated in any court, and (b) did not constitute a miscarriage of justice[?]

4. Whether the PCRA court erred and abused its discretion when it did not find that the prosecution's weaponizing of Appellant's unconstitutional 1998 conviction did not amount to a miscarriage of justice[?]

_____

[6] Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant's Brief at 4-5.

Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and quotation marks omitted). Here, the PCRA court determined Appellant's second petition was untimely filed, and, moreover, all of the issues raised therein were either previously litigated or waived. **See** Order, 1/5/22, at 1-2. We agree.

The statutory requirement that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. **Commonwealth v. Whiteman**, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted). **See also** 42 Pa.C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence was final on January 28, 2019, 90 days after the Pennsylvania Supreme Court denied his petition for allocatur review from his direct appeal, and the time for filing a writ of *certiorari* with the United States Supreme Court expired. **See** U.S. Sup. Ct. R. 13. Therefore, he had until January 28, 2020, to file a timely PCRA petition, which he did on October 25, 2019. However, the **present** petition — Appellant's second — was filed nearly two years later, on December 8, 2021, and is, therefore, untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement:

(1) Any petition under this subchapter, **including a second or subsequent petition**, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii) (emphasis added). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Appellant does not even acknowledge the timeliness exceptions set forth in Section 9545(b)(1), let alone attempt to plead or prove their applicability to his claims. Rather, he argues his second petition was filed only "[e]ight days after conclusion of the first timely PCRA's appeal, on December 8, 2021," and, as such, he met the one-year filing requirement. Appellant's Brief at 13. Further, Appellant maintains the PCRA court erred and abused its discretion when it denied his request to amend his petition so that he could address the timeliness issue. *See id.* at 14.

We conclude no relief is warranted. In both his brief on appeal and proposed amended petition, Appellant insists that his second petition was timely filed within one year of the **denial of his first PCRA petition**. *See*

Appellant's Brief at 13; Appellant's Amended Second Post-Conviction Relief Act Petition at 3-4. However, the one-year time-for-filing requirement begins to run from the date the petitioner's **judgment of sentence** is final — that is, "at the conclusion of **direct review**, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3) (emphasis added). It does **not** run from the conclusion of collateral review, nor does the filing of a timely **first petition** toll the period to file a **second petition**. Furthermore, as noted *supra*, Appellant did not attempt to plead or prove any of the timeliness exceptions set forth at Section 9545(b)(1). Thus, we agree with the PCRA court's determination that Appellant's December 8, 2021, petition was untimely filed.[7]

To the extent Appellant implies we may ignore the timeliness requirements when a "miscarriage of justice" has occurred, he is again, mistaken. **See** Appellant's Amended Second Post-Conviction Relief Act Petition at 4-6. In **Lawson**, **supra**, the case upon which Appellant relies, the Pennsylvania Supreme Court permitted the filing of a second or subsequent post-conviction request for relief if the petitioner made "a strong *prima*

_____

[7] We recognize the PCRA court denied Appellant's request to amend his petition. However, we have reviewed his proposed amended petition as part of his response to the PCRA court's Rule 907 notice. As explained above, Appellant did not provide any lawful basis for the PCRA court — or this Court — to conclude the December 8th petition was timely filed, and has never asserted the applicability of any of the Section 9545(b)(1) timing exceptions.

*facie* showing . . . that a miscarriage of justice may have occurred." **Lawson**, 549 A.2d at 112. However, **Lawson** predated the 1995 amendments to the PCRA, which added the jurisdictional time bar. Therefore, **Lawson** is no longer binding authority. Indeed, the Supreme Court has recognized that the timeliness requirements are jurisdictional in nature, the "time limitations are not subject to equitable exceptions" and "a court may not address the merits of the issues raised if the PCRA petition was not timely filed." **See Commonwealth v. Taylor**, 283 A.3d 178, 188 (Pa. 2022); **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723–24 (Pa. 2003). Thus, we conclude, as did the PCRA court, that we have no jurisdiction to consider Appellant's December 8, 2021, petition.

Nevertheless, we also agree with the PCRA court's determination that the issues Appellant presented in his petition are all either previously litigated or waived. **See** 42 Pa.C.S. § 9543(a)(3)(in order to be eligible for relief, a petition must plead and prove the "allegation of error has not been previously litigated or waived"). Pursuant to Section 9544, an issue is previously litigated if either "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(2)-(3). Moreover, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's assertion, that the statute of limitations for his convictions of aggravated indecent assault expired before he was charged with these crimes, was previously litigated before this Court in both his direct appeal and the denial of his first PCRA petition. *See Corliss*, 108 EDA 2017 (unpub. memo. at 8-10); *Corliss*, 1239 EDA 2020 (unpub. memo. at 5-6). To the extent Appellant contends that on direct appeal, this Court addressed "only charges with a statutory two-year time period," as opposed to the "five-year limit relevant here[,]"[8] we note that in its decision affirming the denial of Appellant's first PCRA petition, the panel specifically addressed why the five-year limitation period had not expired before charges were filed. *See Corliss*, 1239 EDA 2020 (unpub. memo. at 6 n.5). Thus, Appellant's statute of limitations claim was previously litigated. *See* 42 Pa.C.S. § 9544(a)(2)-(3).

We also conclude that Appellant's challenge to the sufficiency of the evidence supporting his convictions of aggravated indecent assault is waived. *See* Appellant's Brief at 28-34. Appellant could have raised this claim on direct appeal. His failure to do so waives any argument at the present time. *See* 42 Pa.C.S. § 9544(b). Moreover, his contention that a conviction of aggravated indecent assault requires "evidence of violence" is simply incorrect. *See* Appellant's Brief at 29-31. A person may be convicted of aggravated indecent assault of a child if he "engages in penetration, **however slight**, of the genitals . . . of a complainant with a part of [his] body for any

_____

[8] *See* Appellant's Brief at 21.

- 11 -

purpose other than good faith medical, hygienic or law enforcement procedures" without the complainant's consent, and the complainant is "less than 13 years of age." 18 Pa.C.S. § 3125(a)(1), (b). No proof of violence is necessary. Nor, as Appellant suggests, was the jury required to determine if Appellant's intention was "to arouse or gratify sexual desire" in either himself or the victim. *See* Appellant's Brief at 33. So long as the "penetration" occurred in the absence of any "good faith medical, hygienic or law enforcement procedure," Appellant could be convicted of aggravated indecent assault. *See* 18 Pa.C.S. § 3125(a)(1).

In his final claim, Appellant, once again, challenges the trial court's ruling which permitted the Commonwealth to present evidence of his 1998 conviction for the sexual assault of another minor. *See* Appellant's Brief at 35. However, Appellant raised this issue in the appeal from the denial of his first PCRA petition, claiming Attorney Bompadre was ineffective for failing to object to the admission of the evidence at trial. *See Corliss*, 1239 EDA 2020 (unpub. memo. at 7-9). This Court concluded the admissibility of the 1998 conviction was previously litigated in a pretrial, interlocutory appeal, and counsel could not be ineffective for failing to seek other relief. *See id.* at 8-9, *citing* *Corliss*, 2105 EDA 2014, 2091 EDA 2014. Therefore, this claim too has been previously litigated.

Because we conclude Appellant's second PCRA petition was untimely filed, and Appellant failed to plead or prove any of the time-for-filing exceptions, we affirm the order denying PCRA relief.

- 12 -

Order affirmed. Appellant's Petition to Waive the Right to Counsel on Appeal and Application to Quash the Commonwealth's Brief are both denied.[9]

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2023

---

[9] Pursuant to Pa.R.Crim.P. 904(C), a petitioner has "a general rule-based right to the assistance of counsel for their first PCRA Petition." **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2017). However, an unrepresented indigent petitioner is entitled to counsel on a second or subsequent petition only when "an evidentiary hearing is required[.]" Pa.R.Crim.P. 904(D). Thus, Appellant was not entitled to counsel in the present case, and there was no need for the PCRA court to conduct a **Grazier** hearing. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Furthermore, while we note with disapproval that late filing of the Commonwealth's Appellee Brief, we decline to quash the brief.