J-A25043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST WOODALL | : | |
| | : | |
| Appellant | : | No. 1293 WDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008320-1996

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: May 23, 2023**

Ernest Woodall (Appellant) appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, denying as untimely his serial Post-Conviction Relief Act (PCRA) petition.[1]  On appeal, Appellant avers he was denied his right to a speedy trial under the Interstate Agreement on Detainers (IAD).[2]  He further alleges the PCRA court erred in determining he did not adequately plead and prove a timeliness exception to the PCRA.  We affirm.

We glean the underlying facts from a prior memorandum of this Court:

> On May 5, 1996, two uniformed Pittsburgh police officers on routine patrol in a marked wagon noticed Appellant's vehicle parked in the middle of the street with the engine idling and a door open, blocking traffic in either direction, while he was standing on the sidewalk[.]  One of the police officers . . . asked

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9101-9108.

him to move his vehicle, Appellant responded, "Fuck you," and ran to the back of the vehicle. Both officers followed.

In the scuffle which ensued, Appellant attempted to draw a .45 Glock handgun from his waistband, but it fell to the ground. He managed to run away. The police began to follow him, but decided to stay behind to secure the [loaded] Glock . . . and other firearms found in Appellant's vehicle, a .9 millimeter Smith & Wesson handgun, and an SKS assault rifle, both also loaded. The two officers radioed for back-up and prepared to tow the vehicle. [Four more officers arrived at the scene to provide aid.]

. . . Appellant soon returned, this time with an AK-47 assault rifle, which he pointed at the police, saying, "I want my shit, give me my shit now." When they did not comply, he fired at [the six officers]. Appellant then escaped.

The police apprehended Appellant the next day, but he fled the jurisdiction soon after he was charged. He was not discovered until almost seven years later, when the National Crime Information Center informed an FBI agent assigned to the Pittsburgh Fugitive Task Force that there was a possible fingerprint match between one "Joseph Brown," a/k/a "Allan Alphonso Garner," recently arrested in . . . Alabama, and Appellant. Appellant was arrested in February, 2003, in the office of his Alabama parole officer, and eventually returned to Pittsburgh through the [IAD[3]]. Following a hearing, the trial court

_____

[3] This Court has described the IAD as follows:

The IAD is a compact among 48 states, the District of Columbia and the United States. The IAD establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against them. The policy of the [IAD] is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers.

denied pre-trial motions[, where Appellant argued his rights under the IAD were violated], and trial commenced in November of 2004.

***Commonwealth v. Woodall***, 110 WDA 2017 (Pa. Super. July 20, 2017) (unpub. memo. at 1-2) (record citations omitted).

On November 12, 2004, a jury convicted Appellant of four counts of attempted homicide, six counts of aggravated assault,[4] and related crimes. On February 1, 2005, the trial court sentenced him to an aggregate term of 32 to 80 years' incarceration.

Appellant filed a direct appeal, which alleged, *inter alia*, the trial court erred when it did not dismiss his criminal indictment after surpassing the time allotted to commence trial under Art. III and IV of the IAD. ***Commonwealth v. Woodall***, 338 WDA 2005 (Pa. Super. June 19, 2006) (unpub. memo. at

_____

***Commonwealth v. Destephano***, 87 A.3d 361, 364 (Pa. Super. 2014) (citations & quotation marks omitted). Further, Article III of the IAD provides in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]

42 Pa.C.S. § 9101(III)(a).

[4] 18 Pa.C.S. §§ 901, 2501, 2702(a)(1).

10), *appeal denied*, 56 WAL 2006 (Pa. May 10, 2007). On June 19, 2006, this Court affirmed his judgment of sentence, and on May 10, 2007, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Id.* Appellant did not file a writ of *certiorari* with the United States Supreme Court.

On December 20, 2007, Appellant filed a timely *pro se* PCRA petition, his first, alleging trial and appellate counsel ineffectiveness pertaining to waiver of his speedy trial rights under the IAD. *See* Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 12/20/07, at 3. On May 9 and December 23, 2008, Appellant filed counseled amended PCRA petitions, incorporating these claims. Appellant's Amended Post-Conviction Relief Act Petition, 5/9/08, at 1; Appellant's Amended Motion for Post-Conviction Relief, 12/23/08, at 3. The PCRA court dismissed his petition on May 4, 2009. Appellant filed a timely appeal and this Court affirmed the PCRA court's order. ***Commonwealth v. Woodall***, 897 WDA 2009 (Pa. Super. Oct. 20, 2010) (unpub. memo.).

Appellant subsequently filed several *pro se* PCRA petitions between November 2011 and August 2016. Each of these petitions was dismissed either as untimely or meritless. Notably, in some of the petitions, Appellant raised claims that are either the same or substantially similar to those presently on appeal. *See* Appellant's Notice to Defend — Civil, 4/28/15, at 4

- 4 -

(unpaginated)[5] (alleging his speedy trial rights under the IAD were violated); Appellant's Motion to Compel, 8/23/16, *citing* Appellant's Fraud Upon the Court, 7/14/16[6] (arguing the court erred when it denied his motion entitled "Speedy Trial Motion to Dismiss 42 Pa.C.S.[ ] Section 9101").  Appellant filed notices of appeal pertaining to two of the prior petitions, and both times this Court affirmed the orders of the PCRA court.  **See Commonwealth v. Woodall**, 565 WDA 2013 (Pa. Super. January 14, 2015) (unpub. memo.); **Woodall**, 110 WDA 2017.

Appellant filed the present *pro se* PCRA petition entitled "Subsequent Miscarriage of Justice PCRA," his sixth,[7] on September 28, 2020, wherein he

---

[5] Appellant filed a document titled "Notice to Defend — Civil" and attached thereto a *habeas corpus* petition.  **See** Appellant's Notice to Defend — Civil, 4/28/15, at 3.

[6] We note Appellant's motion, entitled "Fraud Upon the Court," appears in the certified record and is dated July 14, 2016, but bears a time stamp with a filing date of June 10, 2016.  **See** Appellant's Fraud Upon the Court, 7/14/16. This filing does not appear on the criminal docket and further, it is not apparent from the record which court stamped the document with the June 2016 date.  As such, we recognize July 14th as its filing date.

[7] The PCRA court characterizes the present PCRA petition — filed September 28, 2020 — as Appellant's fourth, while the Commonwealth alleges it is "likely his seventh" petition.  **See** PCRA Ct. Op., 3/10/22, at 1-2 (unpaginated); Commonwealth's Brief at 9.  Upon our review of the record, we believe the present petition is Appellant's sixth.  **See** Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 12/20/07 (PCRA Petition 1); Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 11/10/11 (PCRA Petition 2); Appellant's *Pro Se Habeas Corpus* Petition 42 Pa.C.S.A. 6503, 12/19/11 (PCRA Petition 3); Appellant's Notice to Defend — Civil, 4/28/15 (PCRA Petition 4); Appellant's Motion to Compel, 8/23/16 (PCRA Petition 5).

alleged the trial court violated his right to a speedy trial under the IAD when it granted a continuance outside the required 180-day period. *See* Appellant's *Pro Se* Subsequent Miscarriage of Justice PCRA, 9/28/20, at 2-5. On October 1, 2020,[8] the PCRA court filed an order dismissing this petition. Order, 10/1/20. The criminal docket and certified record do not reflect that the court held a hearing related to this petition, or filed a notice of intent to dismiss the petition pursuant to Pa.R.Crim. 907. Nevertheless, the trial docket includes an entry that on October 22, 2020, Appellant filed a Rule 907 response.

The next action taken in this matter, as reflected on the criminal docket, was August 10, 2021. Appellant filed one *pro se* motion to amend both his PCRA petition and Rule 907 response, and requested counsel. *See* Appellant's *Pro Se* Request Leave to Amend 9/28/2020 & 10/22/2020 Filings Pursuant to Pa.R.Crim.P. Rule 905(A). On August 19, 2021, the PCRA court appointed Robert Carey, Esquire, to represent Appellant. Order, 8/19/21. Attorney Carey then filed a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 2, 2021, the PCRA court issued two orders, which: (1) denied Appellant's motion to amend; and (2) granted Attorney Carey's motion to withdraw and provided Appellant with Rule

---

[8] The PCRA court's order dismissing Appellant's present petition bears a time stamp with a September 30, 2020, filing date. *See* Order, 10/1/20. However, the criminal docket reflects the PCRA court filed this order on October 1, 2020. *See* Criminal Docket No. CP-02-CR-0008320-1996, at 30.

907 notice of intent to dismiss his September 28, 2020, PCRA petition. Order, 9/2/21; Order 9/2/21. On September 22, 2021, Appellant filed a *pro se* objection to the PCRA court's Rule 907 notice, in which he alleged, for the first time, a timeliness exception to the PCRA under 42 Pa.C.S. § 9545(b)(1)(i). On October 7, 2021, the PCRA court dismissed Appellant's petition and this timely appeal followed.[9]

Appellant raises the following claim:

Appellant's Claim is that he is entitled to the PCRA's . . . "governmental interference" exception; because, contemporaneously, "Government Units of this Commonwealth[,"] pursuant to 42 Pa.C.S.A. § 9103, disregarded Appellant's statutory entitlement to the [IAD Section] 9101 Art III(a)'s guaranteed terms, conditions and provisions of "good cause shown in open court[;"] which, pursuant to the Act at [42] Pa.C.S.A. § 9103 "Enforcement" is directed. Plainly put, the disregard of the IAD's statutory entitlements is "governmental interference[,"] thus a PCRA exception pursuant to 9545(b)(1)(i) for adjudication pursuant to IAD statutory guarantees and directives; which if not provided, speaks to an abject failure. The demonstrations provided will crystalize Appellant's statutory entitlements.

Appellant's Brief at v (emphases & some capitalization omitted).

Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283-84 (Pa. 2016) (citation & quotation marks omitted). Here, the PCRA court

---

[9] Appellant complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

determined Appellant's serial petition was untimely filed, where he failed to prove the applicability of any of the timeliness exceptions. **See** PCRA Ct. Op. at 2-3. We agree.

The statutory requirement that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. **Commonwealth v. Whiteman**, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted). **See also** 42 Pa.C.S. § 9545(b)(1).

Here, this Court affirmed Appellant's judgment of sentence on direct appeal on June 19, 2006. The Pennsylvania Supreme Court denied his petition for *allocator* on May 10, 2007. Accordingly, Appellant's judgment of sentence was final on August 8, 2007, 90 days after the Pennsylvania Supreme Court denied review, and the time for filing a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant then had one year from that date, or August 8, 2008, to file a PCRA petition. **See** 42 Pa.C.S. 9545(b)(1). However, the present petition — Appellant's sixth — was filed on September 28, 2020, about 12 years later, and is, therefore, facially untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of the timeliness exceptions must "be filed within one year[10] of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Appellant alleges he is entitled to relief under the governmental interference exception to the time bar. His PCRA petition, however, failed to argue any of the timeliness exceptions. Appellant first invoked the

_____

[10] The PCRA court stated in its opinion that Appellant had 60 days from the date his claim could have been made to invoke a timeliness exception. **See** PCRA Ct. Op. at 3. However, on October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA to expand the time for pleading n exception from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies to claims arising on or after December 24, 2017. **See id.** Here, Appellant filed his petition after that date, on September 28, 2020. As a result, the one-year period applies.

governmental interference exception in his response to the PCRA court's Rule 907 notice of intent to dismiss. The PCRA unambiguously requires any petition to "be filed within one year of the date the judgment becomes final, unless the **petition** alleges and the petitioner proves" one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). Further, this Court has stated that a petitioner must raise a timeliness exception in the petition itself and not for the first time in a response to the PCRA court's notice of intent to dismiss. *Commonwealth v. Derrickson*, 923 A.2d 466, 468-69 (Pa. Super. 2007). Appellant's PCRA petition failed to allege any of the exceptions to PCRA's one-year jurisdictional time bar, and as such, the PCRA court did not err in dismissing Appellant's PCRA petition.

Moreover, even if Appellant did raise a timeliness exception in his petition, we would conclude no relief is due. When invoking this exception, "the proper question . . . is whether the government interfered with [the a]ppellant's ability to present his claim and whether [he] was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa. Super. 2019) (citation & quotation marks omitted). Appellant's argument for the application of this exception is not entirely clear. *See* Appellant's Brief at 5. It seems he argues that because he learned of the PCRA's timeliness exceptions in Attorney Carey's August 30, 2021, *Turner/Finley* letter, he invoked the exceptions within the appropriate period in his Rule 907 objection. *See id.* Appellant does not, however, assert anywhere in his brief that a government entity prevented him from bringing

- 10 -

the claim, as required under the exception. ***See Chimenti***, 218 A.3d at 975. As such, Appellant has not pleaded or proved an exception to the PCRA's time bar.

Furthermore, even if Appellant had presented a clear argument, a petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2). Appellant was aware of the circumstances contributing to his underlying claim — that his rights under the IAD were allegedly violated — at the latest when he raised them in his 2003 pre-trial motions.[11] ***See*** Appellant's Motion to Dismiss, 3/25/03, at 3-5.

We also note that the PCRA court concluded Appellant's claim was previously litigated. PCRA Ct. Op. at 3. We agree. To be eligible for relief under the PCRA, a petition must plead and prove the "allegation of error has not been previously litigated[.]" ***See*** 42 Pa.C.S. § 9543(a)(3). Pursuant to Section 9544, an issue is previously litigated if either "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***See*** 42 Pa.C.S.

_____

[11] Appellant also raised other similar claims under the IAD in his direct appeal and some of his prior PCRA petitions. ***See Woodall***, 1338 WDA 2005, at 10-16; Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 12/20/07, at 3; Appellant's Notice to Defend — Civil, 4/28/15, at 4 (unpaginated); Appellant's Motion to Compel, 8/23/16, *citing* Appellant's Fraud Upon the Court, 7/14/16.

§ 9544(a)(2)-(3). Appellant raised speedy trial claims under the IAD in his direct appeal and his first PCRA. *See Woodall*, 897 WDA 2009 at 6; *see also Woodall*, 1338 WDA 2005 at 11-16. This Court rejected his argument and our Supreme Court declined to grant review. As such, this claim has been previously litigated and Appellant is not entitled to relief.

As Appellant has failed to plead and prove a timeliness exception to the PCRA's time bar, and moreover, because his claim has been previously litigated, we conclude the PCRA court did not err in dismissing his petition. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023